■ In the Matter of WILLIAM A. CARTER, Appellant, v GERALD P. MURPHY, as Institute Director of Roswell Park Memorial Institute of Buffalo, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term entered May 19, 1980 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, for judgment directing respondents to reinstate him to his former position and enjoining them from terminating his employment without first affording him a hearing. Petitioner was employed for several years in the permanent noncompetitive civil service position of Chief Cancer Research Clinician at Roswell Park Memorial Institute. This position, which involved substantial supervisory responsibilities, was at a Grade 38 level and was designated by the Civil Service Commission as confidential or requiring performance of functions influencing policy. In January, 1978, petitioner complained to the Director of the Institute that his experiments with interferon, a cancer inhibiting drug, were being sabotaged. Subsequently, it was revealed that petitioner, in an effort to substantiate his charges, had hired a private investigator and had authorized the installation of a closed-circuit television camera for surveillance purposes, all without approval of or authorization by the institute's administration. Charges brought by petitioner against a graduate student were dismissed and the entire incident resulted in the filing of petitions by several staff members complaining of petitioner's actions and requesting an investigation of his role as head of the Department of Medical Viral Oncology. Petitioner's department was thereafter reorganized and his powers and authority curtailed. He was advised in a November, 1978 memorandum from the institute's assistant director that "Your colleagues * * * have lost confidence in your performance" and "you are expected to look for another position elsewhere as soon as possible". Petitioner's difficulties at the institute continued and in October, 1979 he was informed by letter from the director that his employment would be terminated, effective November 21, 1979, "in the best interests of the Institute". Petitioner commenced the instant article 78 proceeding seeking judgment reinstating him to his former position and enjoining respondents from terminating him without first affording him a hearing. Special Term dismissed the petition and this appeal ensued. Although admitting that he is not entitled to the protection of section 75 of the Civil Service Law, petitioner contends that a due process hearing is required because respondents' actions have deprived him of liberty and property interests protected by the Fourteenth Amendment *(Board of Regents v Roth,* 408 US 564). We disagree. As was made clear in *Roth,* a mere unilateral expectation of a benefit, in this case continued public employment, is insufficient to create a constitutionally protected property right *(Board of Regents v Roth, supra,* p 577). Such a property right does not arise out of the Constitution itself and can only be established and defined by reference to independent sources such as State law or regulations *(id.; Bishop v Wood,* 426 US 341, 344-345; *Matter of Petix v Connelie,* 61 AD2d 65, 67, affd 47 NY2d 457). In this case, petitioner concedes he is not entitled to a hearing under the Civil Service Law and fails to identify any other provision, statutory or otherwise, which would establish a property interest in continued public employment deserving of due process

protection. His contentions in this regard are, therefore, without merit (see *Bishop v Wood, supra; Matter of Hopkins v Lefkowitz,* 62 AD2d 674, affd 48 NY2d 901). We also find without merit petitioner's claim that *Roth* requires a hearing be held to enable him to clear his name because of stigma attaching to his dismissal. Although a protectible liberty interest may arise in such a situation *(Board of Regents v Roth, supra,* p 573), no hearing is required unless the reasons for the discharge could be said to affect petitioner's "good name, reputation, honor or integrity" *(id.)* and such reasons are publicly disclosed by respondents *(Codd v Velger,* 429 US 624, 628; *Bishop v Wood, supra,* p 348). Here, it is evident that the reasons articulated for petitioner's discharge concern his shortcomings as a departmental administrator and his job performance in a supervisory position. Such reasons are not stigmatic within the meaning of *Roth (Matter of Ause v Regan,* 59 AD2d 317). Moreover, the various affidavits submitted by petitioner fail to demonstrate the requisite publication of false and defamatory information by respondents (see *Prasad v Merges,* 65 AD2d 663, app dsmd 46 NY2d 939). Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Weiss and Herlihy, JJ., concur.