■ In the Matter of Paul E. Thomas, Respondent-Appellant, v New York Temporary State Commission on Regulation of Lobbying et al., Appellants-Respondents. — Cross appeals, by permission, from an order of the Supreme Court at Special Term (Weiss, J.), entered November 26, 1980 in Albany County, which, in a proceeding pursuant to CPLR article 78, directed a trial to resolve certain factual issues underlying the petition. On March 14, 1980, petitioner was fired from his position as an associate counsel with respondent New York Temporary State Commission on Regulation of Lobbying, and he thereafter commenced the instant CPLR article 78 proceeding for an order reinstating him as an associate counsel to the commission, for back wages and benefits, for punitive damages in the amount of $50,000 pursuant to section 1983 of title 42 of the United States Code and for attorney's fees. At Special Term, the court found certain of petitioner's claims to be without merit, and as to his other claims, it transferred the matter to the Nonjury Trial Calendar for resolution of various triable issues of fact pursuant to CPLR 7804 (subd [h]). Both petitioner's and respondents' motions for permission to appeal Special Term's order were later granted by a Justice of this court. Initially, we find that petitioner's dismissal without a hearing violated neither section 75 of the Civil Service Law nor procedural due process. Nothing contained in the record indicates that petitioner's position as associate counsel was included within a class covered by the protective provisions of section 75 (see Civil Service Law, § 75, subd 1). Similarly, while petitioner asserted that his "termination has reflected adversely on his reputation and position as an attorney" and "done substantial damage to his career both as a lawyer and government employee", he failed to allege public dissemination by respondents of the reasons for his dismissal and this failure was fatal to his claim for a name-clearing hearing (cf. *Prasad v Merges,* 65 AD2d 663, app dsmd 46 NY2d 939, cert den 444 US 861; see, also, *Matter of Carter v Murphy,* 80 AD2d 960). There is likewise no merit to petitioner's arguments that his First Amendment rights were violated by his dismissal and that this gave rise to a cause of action under section 1983 of title 42 of the United States Code. The specific reasons stated by respondents for petitioner's dismissal, i.e., disloyalty and conflict of interest, clearly justified the termination and did not constitute an impermissible abridgement of petitioner's speech (cf. *Arnett v Kennedy,* 416 US 134). Surely, the members of the respondent commission were warranted in discharging an associate counsel to the commission when the person in question was, at the time of his employ with the commission, also actively assisting on one of the lobbying organizations which the commission was established to regulate (see L 1977, ch 937, § 4). In any event, petitioner has not asserted a cognizable claim under section 1983. Neither the State (14 CJS, Civil Rights, 1981 Cumulative Pocket Part, § 129; see *Brody v Leamy,* 90 Misc 2d 1) nor a department of State government, such as the respondent commission (14 CJS, Civil Rights, 1981 Cumulative Pocket Part, § 131; see *Cullen v New York State Civ. Serv. Comm.,* 435 F Supp 546, app dsmd 566 F2d 846), is considered a "person" amenable to actions under section 1983. As for the other respondent, the executive director of the commission, the court's finding that he merely communicated to petitioner the commission's decision to terminate and did not discharge petitioner himself is amply supported by the record and should not be disturbed. Such being the case, the executive director cannot under the terms of section 1983 be

held liable for a dismissal decision which he did not make and any contentions as to the executive director's status and authority to discharge petitioner are obviously irrelevant. We also find that the dismissal is not void on the ground that it was accomplished in violation of the Open Meetings Law (Public Officers Law, art 7). The commission voted by telephone to terminate petitioner, and even assuming, *arguendo,* that this vote normally should have been taken at a meeting open to the public, there is no showing in the record that the procedure followed was designed to circumvent the Open Meetings Law. Such being the case, there is an absence of the good cause necessary to grant petitioner his requested relief, i.e., voidance of the dismissal (Public Officers Law, § 102; see *Matter of New York Univ. v Whalen,* 46 NY2d 734). In sum, all of petitioner's proposed actions are fatally defective and, therefore, resolution of any of the factual issues presented would serve no useful purpose. Accordingly, Special Term's transfer of this matter for trial should be reversed, and the petition dismissed. Order modified, on the law, by reversing so much thereof as directed a trial of certain factual issues and by adding thereto a provision dismissing the petition, and, as so modified, affirmed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.