■ In the Matter of IRENE VOORHIS, Appellant, v WARWICK VALLEY CENTRAL SCHOOL DISTRICT, Respondent. — In a proceeding pursuant to CPLR article 78 to review a determination of respondent dismissing petitioner from her position as a school bus driver, the appeal is from a judgment of the Supreme Court, Orange County (Coppola, J.), dated September 30, 1981, which dismissed the petition. The appeal brings up for review so much of an order of the same court, dated December 9, 1981, as, upon reargument, adhered to the original determination. Appeal from judgment dated September 30, 1981 dismissed. That judgment was superseded by the order made upon reargument. Order dated December 9, 1981 affirmed insofar as reviewed. Respondent is awarded one bill of $50 costs and disbursements. Petitioner, a school bus driver, is a permanent civil service employee of the respondent school district in the noncompetitive class, who completed her probationary period in 1972. During the 1980-1981 school year she was the subject of a number of parent complaints regarding alleged safety and disciplinary problems on her bus route. Following a meeting held to discuss these complaints, which was attended by a representative of respondent as well as a union representative, petitioner agreed to accept a new bus route with fewer students in an effort to resolve the problem. The complaints continued, however, and following another meeting at which a further attempt was made to resolve the problem, a final meeting was held on April 2, 1981, at which petitioner was advised that her employment was being terminated effective the following day. She thereupon commenced the instant proceeding claiming that her dismissal without a hearing constituted a violation of her rights as a permanent civil service employee and a denial of her right to due process of law under the Fourteenth Amendment to the United States Constitution. Petitioner's dismissal without a hearing violated neither the provisions of the Civil Service Law nor procedural due process. Petitioner, as a permanent employee of a school district in the noncompetitive class, falls within none of the enumerated groups of civil service employees who are afforded the protection of section 75 of the Civil Service Law. Therefore, she has no right to a hearing under that section. As to her due process claim, due process protection afforded to public employees threatened with dismissal is dependent upon whether the employee has acquired a liberty or property interest in his employment (*Board of Regents v Roth,* 408 US 564, 577; *Matter of Economico v Village of Pelham,* 50 NY2d 120, 125). Petitioner makes no claim of a deprivation of liberty by her discharge. To establish a constitutionally protected property interest in a public employment position, a person must show more than a mere unilateral expectation of such an interest. He must establish a legitimate claim of entitlement to such position (*Board of Regents v Roth, supra*). Such a property right does not arise out of the Constitution but is established by reference to independent sources, such as State law and regulations, which characterize the relationship between the employee and the State (*Bishop v Wood,* 426 US 341; *Board of Regents v Roth, supra*). In this case, petitioner has failed to identify any provision, statutory or otherwise, which would confer upon her a property interest in continued employment (*Matter of Carter v Murphy,* 80 AD2d 960).

The mere fact that her position is characterized as permanent means only that she has passed her probationary period. It does not establish that she is entitled to the tenure protections afforded by section 75 of the Civil Service Law. While permanent public employees in the noncompetitive class, such as petitioner, are protected from bad-faith discharge in contravention of the fundamental purposes of the civil service system (e.g., discharge for patronage purposes; see Fish, The Civil Service and the Patronage, pp 86-91, 175-176, 216, 229), they remain, nonetheless, "at will" employees subject to dismissal upon a proper exercise of the appointing authority's discretion. Thus, while they may challenge a discharge upon specific allegations that it was based upon an improper purpose in contravention of the civil service laws, they do not have an individual property interest in their position. Such a property interest, with all of the due process protection attendant thereto, arises only upon acquisition of tenure in the position as determined by the State. The Legislature, by enacting section 75 of the Civil Service Law, which sets forth in detail those public employees who may not be discharged without just cause, has declined to extend such protection to employees in petitioner's position. Accordingly, the petition was properly dismissed. Gulotta, J. P., O'Connor, Brown and Boyers, JJ., concur.