■ ISMAIL PARSA, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 68056.) — In claims, *inter alia,* for damages for breach of contract, claimant appeals from an order of the Court of Claims (Amann, J.), dated August 23, 1983, which granted the State of New York's motion to dismiss the claims for lack of jurisdiction. ¶ Order modified, on the law, by deleting the provision which granted those branches of the State of New York's motion which sought dismissal of the first and third claims, and substituting therefor provisions denying those branches of the motion. As so modified, order affirmed, without costs or disbursements. ¶ Claimant, a physician and professor of pathology at Downstate College of Medicine (Downstate), a facility of the State University of New York, seeks to recover sums allegedly paid by the Federal Government to the State in compensation for services performed by claimant for patients insured under the Medicare program. The State allegedly received these sums pursuant to an agreement, permissible under Federal regulations (see 42 CFR 405.480), whereby Downstate would bill the Federal Government for claimant's services and then pass on to him a portion of the money received, retaining the remainder to pay for certain overhead and fixed costs resulting from facilities and services provided without charge to claimant. Although this agreement was reduced to writing, it was never signed by Downstate and has never been approved by the State Comptroller. The claimant alleges, nevertheless, that the State has billed the Federal Government for claimant's services and has recovered payment therefor in the amount of $290,000. ¶ The

instant claims do not depend upon the unexecuted and unapproved contract, which is presented solely as evidence of the value of claimant's services. Rather, the first and third claims are in the nature of an action for money had and received. The Court of Claims erred in holding that such claims are not within its jurisdiction. Although framed in terms of equitable principles, an action for money had and received is considered an action at law, and was enforceable in common-law courts (see *Stone v White*, 301 US 532, 534-535; *Chapman v Forbes*, 123 NY 532; *Forest-Fehlhaber v State of New York*, 74 AD2d 272). It is an action sounding in quasi contract (see *Miller v Schloss*, 218 NY 400, 407; *Roberts v Ely*, 113 NY 128), i.e., based upon a contract implied in law (see *Matter of First Nat. City Bank v City of New York Fin. Admin.*, 36 NY2d 87), and as such is within the statutory jurisdiction of the Court of Claims (Court of Claims Act, § 9, subd 2). Furthermore, actions against the State for money damages have been held to be within the exclusive jurisdiction of the Court of Claims (see *Schaffer v Evans*, 57 NY2d 992; *Bank of New York v Tully*, 84 AD2d 704). ¶ The State's further contention, that the claim cannot be maintained for failure to comply with section 112 of the State Finance Law, is also without merit. That section requires the approval of the State Comptroller before any State contract in excess of $5,000 can become effective. The purpose of this section is twofold: to prevent the making of contracts for which there is no appropriation and to protect the State from improvident or extravagant contracts (see *Deverho Constr. Co. v State of New York*, 94 Misc 2d 1053; 1965 Opns Atty Gen 27). In the case at bar, however, the State is merely acting as a conduit for payments from the Federal Government. No State funds are involved and the contractual obligation is limited to passing on that which was received. In such circumstances, the purposes of section 112 of the State Finance Law would not be served by its application. Accordingly, the claims are not precluded by failure to satisfy that section's requirements. ¶ The two *Becker* cases (*Becker & Assoc. v State of New York*, 65 AD2d 65, affd 48 NY2d 867 [*Becker I*]; and *Becker & Assoc. v State of New York*, 104 Misc 2d 588, affd 79 AD2d 599 [*Becker II*]) do not require a different result. In *Becker I* (*supra*), the applicability of section 112 of the State Finance Law was undisputed. *Becker II* (*supra*) was decided on *res judicata* grounds. Neither case addressed the issue of the viability of a claim for money had and received. ¶ The second and fourth claims must be dismissed. These claims, alleging that the State has failed to perform a statutorily required duty, are necessarily in the nature of mandamus. As such, they are not within the jurisdiction of the Court of Claims (see *Town of New Windsor v State of New York*, 101 Misc 2d 522; *Murphy v Schuler*, 74 Misc 2d 732). Brown, J. P., Niehoff, Rubin and Eiber, JJ., concur.