■ IRVING R. BYKOFSKY, Respondent, v ROBERT L. HESS, as President of Brooklyn College, et al., Appellants. — In an action pursuant to section 1983 of title 42 of the United States Code challenging defendants' failure to renew plaintiff's employment contract for an administrative position at Brooklyn College for the 1981-1982 school year as a deprivation of his constitutional rights to procedural and substantive due process, defendants appeal from so much of an order of the Supreme Court, Kings County (Aronin, J.), dated September 12, 1983, as denied their motion to dismiss the complaint pursuant to CPLR 3211 (subd [a], pars 2, 5, 7).

Order reversed insofar as appealed from, on the law, without costs or disbursements, and that branch of defendants' motion which is to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 7) granted.

Plaintiff is an attorney with a long history of public service in various positions in New York City government and the City University of New York (hereinafter CUNY). He held his last such position, as a Higher Education Officer/Assistant Administrator/Director of Community Affairs at Brooklyn College, until the termination of his employment at the end of the 1980-1981 academic year. That termination is the subject of the instant action. Plaintiff's position of Higher Education Officer was one of a group of positions at CUNY which was expressly excluded from the collective bargaining agreement with the professional staff organization and carried no tenure rights. The university personnel policy for staff members excluded from the collective bargaining agreement stated that individuals in the Higher Education Officer series "are eligible for annual appointments and reappointments on a fiscal year basis. The dates of notice for excluded employees in the Higher Education Officer * * * series shall be on or before June 1 for the first year of appointment or fraction thereof and on or before May 1 for any such subsequent appointments".

In the spring of 1980, plaintiff's wife was suffering from a serious illness and he determined that it was important to retire from his position with CUNY no earlier than November, 1982, when he would have 25 years of total credited service with the New York City Teachers' Retirement System. Retirement at an

earlier date would mean a substantial loss in medical insurance and retirement benefits, as well as salary. On April 30, 1980, plaintiff had a personal meeting with Dr. Robert L. Hess, who had recently been appointed to the presidency of Brooklyn College, to discuss his family situation and his need to remain on the staff until November, 1982. According to plaintiff, Dr. Hess assured him during the April 30 meeting that he would reappoint him to his position for the next two successive academic years. Dr. Hess allegedly agreed with plaintiff that this understanding would be memorialized in writing by a letter from plaintiff announcing his intention to retire in November, 1982 and several letters from Dr. Hess, reappointing plaintiff to his position for the 1980-1981 academic year, realigning his position under a different office within Brooklyn College, and expressing his cooperation in effectuating plaintiff's retirement in November, 1982. According to Dr. Hess, however, when plaintiff discussed his need to remain on staff for at least two additional academic years in order to retire in November, 1982, he agreed only to review plaintiff's contract for the 1980-1981 academic year and asked him to submit his future plans in writing. Dr. Hess denied entering into any agreement or understanding with plaintiff to reappoint him for two, successive, one-year contracts, beginning July 1, 1980, and ending June 30, 1982.

Following the April 30, 1980, meeting, Dr. Hess and plaintiff exchanged a number of letters. In a letter dated April 30, 1980, plaintiff informed Dr. Hess that he wished to retire from the CUNY system in November, 1982, due to the pressures of personal problems. Dr. Hess wrote three letters to plaintiff, all dated May 1, 1980. The first letter confirmed that plaintiff's position at Brooklyn College was being realigned with another office and the second informed plaintiff that he was being recommended for reappointment to his position as a Higher Education Officer/Assistant Administrator/Director of Community Affairs for the period of July 1, 1980 through June 30, 1981. The final letter read, in pertinent part, as follows: "I appreciate your letting me know of your intention to retire in November of 1982. Will you please keep me informed as your plans materialize so that we may plan appropriately". Dr. Hess denied that the above three letters were intended to memorialize an agreement he reached with plaintiff during their April 30, 1980, meeting, as no such agreement existed.

By letter dated April 27, 1981, Dr. Hess informed plaintiff that he was unable to recommend him to the Board of Trustees at CUNY for reappointment to his position at Brooklyn College

beyond June 30, 1981. Plaintiff was also informed by the administration of Brooklyn College that he would have to take all of his accrued annual leave by his termination date, June 30, 1981, so that his last day of actual work would be May 18, 1981.

On or about December 8, 1981, plaintiff commenced the instant action asserting that defendants' determinations not to renew his contract for the 1981-1982 school year and requiring him to use all of his accrued annual leave prior to the end of his last contract on June 30, 1981 deprived him of a property interest in his position in violation of his substantive and procedural rights to due process of law guaranteed by the Fourteenth Amendment to the Federal Constitution and section 6 of article I of the New York State Constitution. Plaintiff asserted jurisdiction for the Federal constitutional claims pursuant to section 1983 of title 42 of the United States Code.

We conclude that Special Term erroneously denied the branch of defendants' motion which was to dismiss the complaint for failure to state a cause of action pursuant to CPLR 3211 (subd [a], par 7). Plaintiff has failed to establish that he had a constitutionally protected property interest which is cognizable under the due process clauses of the Federal and State Constitutions. In *Board of Regents v Roth* (408 US 564, 577), the Supreme Court of the United States stated that constitutionally protected property interests "are defined by existing rules or understandings that stem from an independent source such as state law — rules or understandings that secure certain benefits and that support claims of entitlement to those benefits" (see, also, *Bishop v Wood*, 426 US 341, 344-345). This position was adopted by the New York Court of Appeals in *Matter of Economico v Village of Pelham* (50 NY2d 120, 126), stating, "[t]he public policy of the State, by the terms of its statutes, regulations and common law, defines the scope and contours" of a property interest which qualifies for constitutional protection under the due process clause (see, also, *Matter of Bergamini v Manhattan & Bronx Surface Tr. Operating Auth.*, 62 NY2d 897, 899; *Matter of Voorhis v Warwick Val. Cent. School Dist.*, 92 AD2d 571; *Matter of Thomas v New York Temporary State Comm.*, 83 AD2d 723, affd 56 NY2d 656). Although a constitutionally protected property interest may arise from informal "rules or mutually explicit understandings" promulgated or fostered by a government agency, which confer upon its employees a legitimate claim of entitlement to continued employment (see *Perry v Sindermann,* 408 US 593, 601), plaintiff has failed to establish the existence of any university-wide policy at CUNY, written or unwritten, which grants to employees in the Higher Education Officer classification tenure rights or any other such guarantees

of job security. Indeed, the written policy statement for employees excluded from the collective bargaining agreement promulgated by CUNY explicitly indicates that staff members in plaintiff's Higher Education Officer classification are not eligible for tenure and may be reappointed for one year contracts on an annual basis by the university administration, in a manner similar to the nontenured university professor at issue in *Board of Regents v Roth* (408 US 564, *supra*). That decision, and a line of similar cases from the Federal courts and the courts of this State, have held that public employees, like plaintiff, who lack tenured status conferred either by formal statutes or rules, or by informal agency-wide policies, may be terminated from their positions without the procedural protections associated with the due process clause, namely, a statement of reasons and a prior hearing (see *Bishop v Wood, supra; Longarzo v Anker,* 578 F2d 469; *Matter of Bergamini v Manhattan & Bronx Surface Tr. Operating Auth., supra; Matter of Voorhis v Warwick Val. Cent. School Dist., supra; Matter of Stanziale v Executive Dept.,* 55 NY2d 735; *Matter of Thomas v New York Temporary State Comm., supra*). Plaintiff's alleged personal informal understanding with Dr. Hess concerning his retention for the next two successive academic years does not assume the dimensions of a constitutionally protected property interest, created by statute, regulation or government policy which can form the basis for a cognizable claim pursuant to section 1983 of title 42 of the United States Code for violations of his right to due process of law.

Plaintiff may not maintain what is essentially a common-law action to recover damages for breach of contract in the form of a civil rights action to redress deprivations of his Federal constitutional rights pursuant to section 1983 of title 42 of the United States Code. Moreover, Dr. Hess's alleged oral promise to reappoint plaintiff for two successive one-year terms is unenforceable pursuant to the Statute of Frauds (see General Obligations Law, § 5-701, subd a, par 1; *Ginsberg v Fairfield-Noble Corp.,* 81 AD2d 318, 319; *Chase v United Hosp.,* 60 AD2d 558; *Whitehill v Maimonides School,* 53 AD2d 568; *Hanan v Corning Glass Works,* 35 AD2d 697; but see *Weiner v McGraw-Hill, Inc.,* 57 NY2d 458, 463). Nor did the letters exchanged between Dr. Hess and plaintiff following their April 30, 1980, meeting memorialize the terms of their alleged agreement in writing, so as to create an enforceable contract. The letters written by Dr. Hess omitted an essential term of that agreement, his alleged promise to reappoint plaintiff for the 1981-1982 academic year so that he could retire in November, 1982 (see *Marcraft Recreation Corp. v Devlin Co.,* 506 F Supp 1081, 1085). In the absence of an

enforceable oral or written contract of employment, as was held to exist in *Weiner v McGraw-Hill, Inc.* (*supra*), the Court of Appeals has declined to recognize a common-law cause of action, sounding in tort, for abusive discharge (see *Murphy v American Home Prods. Corp.*, 58 NY2d 293).

Accordingly, the order is reversed insofar as appealed from, and the complaint dismissed for failure to state a cause of action (see CPLR 3211, subd [a], par 7). Lazer, J. P., Mangano, Gibbons and O'Connor, JJ., concur.