■ In the Matter of FAITH TYSON, Respondent-Appellant, v FRITZ HESS, as Superintendent of East Syracuse-Minoa Central School District, et al., Appellants-Respondents. — Judgment reversed, on the law, without costs, and petition dismissed, in accordance with the following memorandum: Petitioner has been employed by the East Syracuse-Minoa Central School District (School District) as a school bus driver since 1972. She held a part-time noninstructional, noncompetitive, unclassified civil service position. The School District had become dissatisfied with petitioner's work performance. On November 16, 1983 petitioner, during the course of her assigned run, dropped a four-year-old prekindergarten student approximately two miles away from the designated drop-off point. Several days later she received a certified letter notifying her that she was being terminated because of her "inability to maintain discipline with

students on school bus assigned routes * * * [her] gross negligence in the transporting and safe delivery of young students, and inability to effectively deal with parents of student riders".

Petitioner commenced a CPLR article 78 proceeding seeking reinstatement with back pay and a due process hearing on her termination. Respondent moved to dismiss, asserting that petitioner was an at-will employee who could be terminated without cause and without the necessity for a hearing. Petitioner maintained that she had a contract of employment for a definite term. Special Term found that reference to a 10-month time period in conjunction with a salary calculated on the basis of employment for the full school year was sufficient to create a definite term of employment. We disagree.

It is well established that "where an employment is for an indefinite term it is presumed to be a hiring at will which may be freely terminated by either party at any time for any reason or even for no reason (see, *Martin v New York Life Ins. Co.,* 148 NY 117; *Parker v Borock,* 5 NY2d 156)." (*Murphy v American Home Prods. Corp.,* 58 NY2d 293, 300-301.) The annual salary notice which specified a 10-month period of employment and the letter from the School District continuing her services as a bus driver "for the 1983-84 academic year" do not create a contract of employment for a definite term. The fact that compensation is measured by a specific period of time does not render the employment a hiring for a specific term (*Watson v Gugino,* 204 NY 535; *Martin v New York Life Ins. Co.,* 148 NY 117; *Chase v United Hosp.,* 60 AD2d 558, 559; *Cartwright v Golub Corp.,* 51 AD2d 407, 409). An employer, public or private, has the unqualified right to terminate an at-will employee without any kind of hearing, absent a constitutionally impermissible purpose, a statutory proscription, or an express limitation in the individual contract of employment (*Murphy v American Home Prods. Corp., supra,* p 305; *Weiner v McGraw-Hill, Inc.,* 57 NY2d 458; *Matter of Bergamini v Manhattan & Bronx Surface Tr. Operating Auth.,* 62 NY2d 897, 899; *Matter of Ause v Regan,* 59 AD2d 317, 323), none of which is present here. As an unclassified civil service employee, petitioner had no right to a pretermination hearing (*Matter of Ause v Regan, supra*). Petitioner has failed to establish that termination of her employment violated any constitutional, statutory or contractual provision (*Matter of Bergamini v Manhattan & Bronx Surface Tr. Operating Auth., supra,* p 899).

Public employees in the noncompetitive class, such as petitioner, are protected from bad-faith discharge but they remain "at-will" employees subject to dismissal upon a proper exercise

of the appointing authority's discretion (*see, Matter of Voorhis v Warwick Val. Cent. School Dist.*, 92 AD2d 571, 572). "The Legislature, by enacting section 75 of the Civil Service Law, which sets forth in detail those public employees who may not be discharged without just cause, has declined to extend such protection to employees in petitioner's position" (*Matter of Voorhis v Warwick Val. Cent. School Dist., supra*, p 572).

All concur, except Hancock, Jr., J. P., and Boomer, J., who dissent and vote to affirm in the following memorandum.

Hancock, Jr., J. P., and Boomer, J. (dissenting). We dissent. Special Term, in our opinion, properly found that petitioner had a sufficient property interest in her expectancy of continued employment during the 1983-1984 academic year to entitle her to a pretermination constitutional due process hearing under *Board of Regents v Roth* (408 US 564) and *Perry v Sindermann* (408 US 593) (*see, Matter of Savino v Bradford Cent. School Dist. Bd. of Educ.*, 75 AD2d 994).

On June 8, 1983 petitioner accepted and returned to the School District a letter to her from the Director of Personnel and General Administration which stated:

"Please be advised that the district is continuing your services as a school bus driver for the 1983-84 academic year.

"Attached is a copy of the approved school calendar. You are expected to resume your normal duties on September 7, 1983. Customary vacation periods will be observed in accordance with the attached calendar. It is expected that you will return to work on the first day of school following each holiday or vacation recess occurring during the school year.

"If it is your intention to resume your normal duties on September 7, 1983 please acknowledge by signing below and returning one copy to Mrs. Kapcio by June 30, 1983."

Where the employer makes a promise either express or implied, " 'not only to pay for the service but also that the employment should continue for a period of time that is either definite or capable of being determined, that employment is not terminable by him "at will" after the employee has begun or rendered some of the requested service or has given any other consideration * * * This is true even though the employee has made no return promise and has retained the power and legal privilege of terminating the employment "at will". The employer's promise is supported by the service that has been begun or rendered or by the other executed consideration' " (*Weiner v McGraw-Hill, Inc.*, 57 NY2d 458, 465, quoting *1A Corbin, Contracts*, § 152, at 14). The letter accepted by petitioner is such a promise and is

sufficient to entitle her to a pretermination hearing under *Board of Regents v Roth (supra)*.

The case of *Matter of Voorhis v Warwick Val. Cent. School Dist.* (92 AD2d 571) has no application here. Here petitioner predicates her right to a hearing not upon any rights under the Civil Service Law, but upon a contractual right arising from the letter of June 8. (Appeals from judgment of Supreme Court, Onondaga County, Hayes, J. — art 78.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and O'Donnell, JJ.