*996 OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division should be modified to annul the administrator’s disciplinary action of September 29, 1980, direct expungement from petitioner’s personnel records of the charge of patient neglect on which that action was based, and remit the matter for computation of the wages and benefits of which petitioner was deprived by the administrator’s action and, as so modified, should be affirmed, with costs to petitioner.
Respondents’ contention that petitioner waived article 78 review pursuant to Civil Service Law § 76 (1), and the right to a transcript of the hearing without charge pursuant to Civil Service Law § 75 (3), is predicated upon the provision of article 16, section 2 of the collective bargaining agreement that the step four decision of the Albany County Grievance Committee “shall be final and binding on both parties.” That contention is, however, inconsistent with the provision of article 17, section 1 of the agreement that “[a]ll such disciplinary and discharge action shall be subject to the terms of the Grievance Procedure of this Agreement and also in accordance with the Civil Service Law of the State of New York.” Those two provisions can be harmonized, as the rules of construction require (see, Weiss v Weiss, 52 NY2d 170, 174; Williams Press v State of New York, 37 NY2d 434, 440), only by construing the words “final and binding” as commencing the running of the time limit established by CPLR 217, within which an article 78 proceeding must be brought (“within four months after the determination to be reviewed becomes final and binding upon the petitioner”; see, City of Aurora v Hood, 194 Col 80; City of Lincoln v Soukup, 215 Neb 732). Nor is it significant that the petitioner in this case held a noncompetitive position, for article 17, section 1, of the agreement makes all disciplinary action against an employee of the Home, whether competitive or noncompetitive, subject to both the grievance procedure of the agreement and the Civil Service Law. On respondents’ appeal, therefore, there should be an affirmance.
On petitioner’s cross appeal, however, there should be a modification as above set forth. The neglect charge against petitioner was predicated upon a wheelchair patient having been left by herself in the bathroom after petitioner had assisted another nurse in moving the patient from bed to wheelchair to bathroom. All of the nurses who testified, including the assistant director of health services, agreed that there was no order, *997 written or verbal, requiring a nurse to remain with the particular patient while, she was in the bathroom, that there was nothing in the policies and procedures of the Health Department or the Home concerning toilet procedures with respect to wheelchair patients (and a review of the exhibits in evidence reveals none), that wheelchair patients were routinely left alone in the bathroom and that whether a wheelchair patient’s condition required that a nurse remain in the bathroom with the patient was a matter of nursing judgment. The assistant director of health services, though present at the September 25, 1980 meeting in the administrator’s office as a result of which the neglect charge was made, was unable to recall what had then occurred. After she was read a quotation from the administrator’s letter imposing discipline, which attributed to petitioner the statement at the September 25th meeting that, “We did not stay with the patient while she was on the toilet,” she testified that in her opinion not to do so constituted patient neglect when it took two people to get her out of bed and into the wheelchair. The only evidence in the record concerning the particular incident establishes, however, that petitioner left the bathroom about a minute before the other nurse. The expert testimony of the assistant director of health services was without foundation in fact with respect to petitioner. The administrator’s disciplinary action must, therefore, be annulled for want of substantial evidence of neglect by petitioner and the matter remitted for further proceedings in accordance with this memorandum.*
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur.
Judgment modified, with costs to petitioner, and matter remitted to Supreme Court, Albany County, with directions to remand to respondents for further proceedings in accordance with the memorandum herein and, as so modified, affirmed.

 The argument in point III of respondent’s brief that the proper test is rational basis rather than substantial evidence because the hearing was not held pursuant to a direction of law was not raised below and, therefore, is not considered by us.