Cynthia Grantham WRIGHT, Plaintiff,

v.

Peter J. CAYAN, Individually and as President of the State University of New York's College of Technology, Defendant.

No. 85–CV–182.

United States District Court, N.D. New York.

Aug. 27, 1986.

Daniel S. Cohen, P.C., Utica, N.Y., for plaintiff.

Robert Abrams, Atty. Gen., State of N.Y., Albany, N.Y., for defendant; Judith I. Ratner, Asst. Atty. Gen., of counsel.

## MEMORANDUM–DECISION AND ORDER

McAVOY, District Judge.

■ In this action under 42 U.S.C. § 1983, the plaintiff, Cynthia Grantham Wright, alleges that she was dismissed from her position as Secretary to the President of the State University of New York College at Utica/Rome (the "College") by the defendant, Peter J. Cayan, the President of the College, without due process of law. More specifically, the plaintiff claims that she had a property interest in her continued employment with the College and that her dismissal without notice and an opportunity to be heard deprived her of such property without due process of law. In addition, the plaintiff claims that as a result of her dismissal, her reputation has been tarnished and that she is entitled to a post-dismissal hearing to vindicate her liberty interest in her reputation.[1] Finally, the plaintiff claims that she was dismissed not for cause but because of her refusal to entertain the sexual advances of the defendant during the two-year period prior to her dismissal.[2] By the present motion, the defendant seeks partial summary judgment as to the plaintiff's claim that she has been deprived of some property interest without due process of law. On the basis of the undisputed facts and applicable law set forth below, the Court concludes that the defendant's motion should be granted.[3]

## FACTS

On April 16, 1973, the plaintiff received a permanent appointment to the position of

---

1. Because the present motion is not directed to this claim, the Court expresses no opinion as to its merit. It should be noted, however, that counsel for plaintiff previously indicated to this Court, Judge McCurn presiding, that his client did not intend to pursue her "name-clearing" cause of action.

2. In paragraphs 16 and 17 of her Amended Complaint, the plaintiff appears to have asserted a cause of action for sexual harassment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq. See Meritor Savings Bank, FSB v. Vinson,* — U.S. —, 106 S.Ct. 2399, 91 L.Ed.2d 49 (U.S.1986). The plaintiff, however, does not specifically refer to Title VII in the Amended Complaint nor does she set forth whether she has pursued her claim before the appropriate administrative agencies. Nevertheless, she has testified at a deposition regarding her claim of harassment. *See* Transcript of Deposition of Cynthia Graham Wright, dated November 6, 1985, at 60–69. The Court express-es no opinion at this time as to the viability of this claim.

3. The plaintiff vigorously maintains that this Court may not consider the defendant's motion because the defendant previously moved for and was denied summary judgment in October 1985. Denial of the defendant's prior motion is not law of the case and does not preclude a subsequent grant of summary judgment now that discovery has been completed and the case is ready for trial. *See Middle Atlantic Utilities Co. v. S.M.W. Development Corp.,* 392 F.2d 380, 384 (2d Cir.1968); *Rosenberg v. American Bowling Congress,* 589 F.Supp. 547, 549 (M.D.Fla. 1984); *Shearer v. Homestake Mining Co.,* 557 F.Supp. 549, 556 (D.S.D.1983), *aff'd,* 727 F.2d 707 (8th Cir.1984); *Weit v. Continental Illinois National Bank and Trust Co.,* 478 F.Supp. 285, 292 n. 4 (N.D.Ill.1979), *aff'd,* 641 F.2d 457 (7th Cir.1981), *cert. denied,* 455 U.S. 988, 102 S.Ct. 1610, 71 L.Ed.2d 847 (1982). Accordingly, the plaintiff's argument is rejected.

president's secretary at the College. At or about the time of her appointment, the plaintiff was informed that her position was within the exempt class [4] of the classified service [5] of the State of New York. As such, she was not required to take, nor did she take, a civil service examination either before or after her appointment and she was not appointed from an eligible list resulting from any examination.

When the plaintiff began her employment with the College, the President of the College, her immediate supervisor, was Dr. William R. Kunsela. When Dr. Kunsela retired in July 1982 and was replaced by the defendant, the plaintiff continued to work for the defendant for two more years. During that time, the plaintiff claims that the defendant made sexual advances toward her and engaged in a course of harassment when she refused his advances. Finally, by letter dated July 23, 1984, the defendant dismissed the plaintiff effective October 19, 1984. Prior to her dismissal, the plaintiff did not receive notice of the reasons for her termination nor was she provided with an opportunity to contest her termination.

## DISCUSSION

■ The Fourteenth Amendment guarantees that a person may not be deprived of their property without due process of law. U.S. Const. amend XIV, § 1. "Property interests are not created by the Constitution, 'they are created and their dimensions are defined by existing rules and understandings that stem from an independent source such as state law....'" *Cleveland Board of Education v. Louder-*

*mill,* 470 U.S. 532, 538, 105 S.Ct. 1487, 1491, 84 L.Ed.2d 494 (1985) (quoting *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972)). *Accord Memphis Light, Gas & Water Division v. Craft,* 436 U.S. 1, 9, 98 S.Ct. 1554, 1560, 56 L.Ed.2d 30 (1978); *Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976); *Perry v. Sindermann,* 408 U.S. 593, 601–03, 92 S.Ct. 2694, 2699–2700, 33 L.Ed.2d 570 (1972). A property interest in employment may be found to exist only when an individual has a "legitimate claim of entitlement" to such employment rather than a "unilateral expectation" thereof. *Board of Regents v. Roth,* 408 U.S. at 577, 92 S.Ct. at 2709. *See also McCarthy v. Cortland County Community Action Program, Inc.,* 487 F.Supp. 333, 343 (N.D.N.Y.1980).

Under the Civil Service Law of the State of New York, "[a] person holding a position by permanent appointment in the competitive class of the classified civil service" may not be dismissed "except for incompetency or misconduct shown after a hearing upon stated charges...." N.Y. Civ. Serv. Law § 75(1)(a) (McKinney 1983). This provision has been interpreted as creating a property interest in continued employment that is protected by the Fourteenth Amendment's guarantee of due process. *See Dwyer v. Regan,* 777 F.2d 825, 829–30 (2d Cir.1985); *Berns v. Civil Service Commission,* 537 F.2d 714 (2d Cir.1976), *cert. denied,* 430 U.S. 930, 97 S.Ct. 1549, 51 L.Ed.2d 774 (1977). *Cf. Loudermill,* 470 U.S. at —— – ——, 105 S.Ct. at 1491–92 (similar result under Ohio statute). In the present case, however, the plaintiff does

---

4. Under section 41 of the Civil Service Law of the State of New York,

 [t]he following offices and positions shall be in the exempt class:

 (a) one secretary of each state department or division, temporary state commission or other state officer authorized by law to appoint a secretary;

 * * * * * *

 (e) all other subordinate offices or positions for the filling of which competitive or non-competitive examination may be found to be not practicable....

N.Y.Civ.Serv. Law § 41 (McKinney 1983).

5. Section 40 of the Civil Service Law of the State of New York provides:

 The classified service shall comprise all offices and positions not included in the unclassified service. The offices and positions in the classified service of the state and of its civil divisions shall be divided into four classes, to be designated as the exempt class, the non-competitive class, the labor class, and the competitive class.

N.Y.Civ.Serv. Law § 40 (McKinney 1983).

not, nor could she, claim the benefits of New York's Civil Service Law. In her capacity as Secretary to the President of the College, the plaintiff is exempt from certain requirements of the Civil Service Law, N.Y. Civ. Serv. Law § 41(1)(a), as well as certain of its protections. *Id.* § 75(1)(b). In particular, the plaintiff has no right under the statute to dismissal only for cause and no right to notice and a hearing prior to termination. *Id.* The plaintiff concedes this fact and places no reliance upon the statute to support her claim of entitlement to continued employment.

It has been held, however, that the procedural protections provided by New York's Civil Service Law to particular classes of employees may be supplemented by contract, *see Stoker v. Tarentino*, 101 A.D.2d 651, 475 N.Y.S.2d 562 (3d Dep't 1984, *aff'd as modified*, 64 N.Y.2d 994, 489 N.Y.S.2d 43, 478 N.E.2d 184 (1985); *Apuzzo v. County of Ulster*, 98 A.D.2d 869, 470 N.Y. S.2d 814 (3d Dep't 1983), *aff'd*, 62 N.Y.2d 960, 479 N.Y.S.2d 191, 468 N.E.2d 29 (1984), by formal or informal agency-wide policy, *see Bykofsky v. Hess*, 107 A.D.2d 779, 484 N.Y.S.2d 839 (2d Dep't), *aff'd mem.*, 65 N.Y.2d 730, 492 N.Y.S.2d 29, 481 N.E.2d 569 (1985), or by a "longstanding pattern of practice", *see Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 448 (2d Cir.1980). In this case, the plaintiff has disavowed any contention that the College had a policy or practice of providing exempt personnel with the process that is generally reserved for other classes of public employees.[6] Instead, she relies solely upon two letters from Robert J. Kopecek, the Vice-President of Administration at the College, which she claims establish a contract of permanent employment terminable for cause only after notice and an opportunity to be heard.

In the first letter, dated August 14, 1973, the plaintiff was informed of her "permanent appointment" as the College president's secretary and advised that she would serve an eight to twenty six week probationary period and a two year period "at the pleasure of [her] supervisor." The second letter, dated November 9, 1973, informed the plaintiff that she had completed her probationary period and confirmed her "permanent appointment" as the president's secretary. The plaintiff maintains that these two letters provided that after two years of service, the plaintiff could be dismissed only for cause upon notice of the reasons for dismissal and a pre-termination hearing.

To refute this claim, the defendant relies primarily upon section 112(2) of the New York State Finance Law, which provides that "[b]efore any contract made for or by any state department, board, officer, commission, or institution, shall be executed or become effective, whenever such contract exceeds five thousand dollars in amount, it shall first be approved by the comptroller and filed in his office." N.Y. State Fin. Law § 112(2) (McKinney Supp.1986). The purpose of this provision is "to prevent the making of contracts for which there is no appropriation and to protect the State from improvident or extravagant contracts...." *Parsa v. State of New York*, 100 A.D.2d 899, 900, 474 N.Y.S.2d 562, 564 (2d Dep't), *rev'd on other grounds*, 64 N.Y.2d 143, 485 N.Y.S.2d 27, 474 N.E.2d 235 (1984) (citations omitted). The statute has been held applicable to contracts entered into by the State University of New York. *See Schenker v. State of New York*, 126

---

**6.** In the Affidavit of Daniel S. Cohen in opposition to the present motion, dated June 19, 1986, it is stated:

> [A]s can be seen from the complaint and plaintiff's prior motion and the paper in support thereof and in opposition to the prior cross-motion, plaintiff's claim is not based upon the presence of a policy by the State University but rather the terms of the State University's letter to her of August 14, 1973

(the "hiring letter") ... which plaintiff claims (i) constituted a contract of employment expressly and/or impliedly assuring her that after two years of employment, she would not be terminated without cause found after a hearing, and/or (ii) justified her in believing that her employment would not be terminated after two years except for cause found after a hearing....

Cohen Affidavit ¶ 3B, at 4.

Misc.2d 1038, 1039–41, 484 N.Y.S.2d 424, 426 (Ct.Cl.1984).

It is undisputed herein that the plaintiff's alleged contract of employment with the College exceeded five thousand dollars in amount and was not approved by the state comptroller. On this basis, the defendant argues that if a contract between the plaintiff and the College in fact existed, it never became effective because of a failure to comply with State Finance Law § 112(2). Thus, the plaintiff may not look to the contract as a source of any right to continued employment.[7] Although there are no reported decisions specifically endorsing this argument in the context of a due process claim, the defendant maintains that the *Schenker* case is dispositive herein.

In *Schenker*, the plaintiff brought a breach of contract action against the State arising out of an alleged employment agreement between himself and the Downstate Medical Center of the State University of New York ("Downstate"). In the fall of 1980, the plaintiff was offered a position as Acting Executive Director at Downstate. After accepting the offer, the plaintiff sent two copies of an agreement to Downstate setting forth what he believed to be the terms and conditions of employment agreed upon by the plaintiff and Downstate. The plaintiff then commenced his employment.

Soon thereafter, he received a letter confirming his appointment and requesting that he sign the letter to acknowledge his acceptance of the position. The plaintiff signed the letter but added a paragraph stating that his acceptance was subject to the terms and conditions set forth in the draft agreement he had previously provided to Downstate. About one month later, the plaintiff received another letter from Downstate indicating that his appointment had been withdrawn. The letter further indicated that the agreement submitted by the plaintiff had been treated as a counter-

offer by Downstate and had been rejected. Thus, although the plaintiff had been employed at Downstate for more than a month, it was the position of Downstate that an agreement had never been reached that would entitle the plaintiff to continue his employment. Accordingly, the plaintiff was removed from Downstate's payroll at the end of the pending pay period.

Seeking to enforce the terms of the draft agreement he had forwarded to Downstate, the plaintiff brought a breach of contract action against the State in the New York Court of Claims. It was undisputed that no contract had ever been forwarded to or approved by the comptroller. On this basis, the Court dismissed the plaintiff's claim despite the court's conviction that the plaintiff had been treated unfairly and arbitrarily by Downstate. In the opinion of the court, "compliance with Section 112 of the State Finance Law is a 'condition precedent' to the existence of a valid contract...." *Schenker*, 126 Misc.2d at 1041, 484 N.Y.S.2d at 426–27. According to the defendant in the present case, *Schenker* requires dismissal of the plaintiff's claims.

■ Of course, to the extent that this Court must look to state law to determine a particular issue, it is bound by decisions of New York courts interpreting and applying the applicable law in factually similar situations. In the opinion of this Court, however, *Schenker* is distinguishable from the case at bar. In that case, the plaintiff sought to enforce rights that were based solely upon the agreement that had not been approved by the state comptroller as required by State Finance Law § 112(2). Without the agreement, the plaintiff had no rights whatsoever against Downstate or the State of New York. In this case, on the other hand, the plaintiff was appointed to her position pursuant to the Civil Service Law of the State of New York. Under that law, her employment was terminable at will

7. The defendant also argues that the plaintiff may not invoke the doctrine of estoppel to prevent the defendant from relying upon State Finance Law § 112(2). The Court agrees with the defendant in this regard and rejects any attempt by the plaintiff to avail herself of the doctrine of estoppel to establish a contractual relationship with the College. *See Schenker*, 126 Misc.2d at 1041–42, 484 N.Y.S.2d at 427.

unless altered by contract, policy, or practice. Nevertheless, her right to employment was derived from the Civil Service Law and there was no requirement that the state comptroller approve her appointment despite the fact that she would be paid in excess of five thousand dollars. To the extent that the plaintiff claims that at the time of her appointment, the College agreed to appoint her permanently subject only to dismissal for cause after notice and an opportunity to be heard, this Court views that agreement as a supplemental undertaking, totally distinct from the terms and conditions of her appointment under the Civil Service Law. At the time the parties allegedly entered into that separate agreement, the agreement was not susceptible to valuation. Accordingly, there was no requirement that it be approved by the state comptroller under State Finance Law § 112(2) and the absence of such approval does not require dismissal of the plaintiff's claims. For this reason, *Schenker* is inapposite.

 Even assuming, however, that the letters relied upon by the plaintiff supplemented her right to continued employment because of their reference to her "permanent appointment", under New York law, the plaintiff was still terminable at will. Indeed, the courts of this State have repeatedly held that an employment contract of indefinite duration "is presumed to be a hiring at will which may be freely terminated by either party at any time for any reason or even for no reason." *Murphy v. American Home Products*, 58 N.Y.2d 293, 300, 461 N.Y.S.2d 232, 235, 448 N.E.2d 86, 89 (1983). *Accord Hunnewell v. Manufacturers Hanover Trust Co.*, 628 F.Supp. 759, 762 (S.D.N.Y.1986); *Haines v. City of New York*, 41 N.Y.2d 769, 772–74, 396 N.Y. S.2d 155, 158, 364 N.E.2d 820, 822–23, (1977); *Voorhis v. Warwick Valley Central School District*, 92 A.D.2d 571, 572, 459 N.Y.S.2d 325, 327 (2d Dep't 1983). The plaintiff's socalled contract of permanent employment is of indefinite duration. Thus, it is presumed to be terminable at will in the absence of an express limitation on the College's right of termination. There is nothing in the letters to the plaintiff from the Colelge expressly limiting the College's right to dismiss the plaintiff. Moreover, there is no reference to the procedural protections of the Civil Service Law nor is there any reference to similar protections that might have been accorded the plaintiff. The lone thread upon which the plaintiff hangs her case, is the use of the word "permanent" in the letters.[8] Under New York law, this is insufficient to create a claim of entitlement compelling enough to trigger the protection of due process. Accordingly, summary judgment in favor of the defendant is warranted.[9]

## CONCLUSION

On the basis of the foregoing, the defendant's motion for partial summary judg-

---

8. In a Surreply Memorandum of Law in opposition to the present motion, the plaintiff makes reference to the deposition testimony of Dr. Kunsella to support her contentions concerning the letters. Plaintiff's Surreply Memorandum of Law, at 1–2. After reviewing Dr. Kunsella's testimony, the Court completely disagrees with the plaintiff's interpretation of that testimony. In the Court's opinion, Dr. Kunsella merely indicated what he believed was the appropriate manner in which the plaintiff should have been treated at the time of her termination. Dr. Kunsella did not state that the plaintiff had been extended additional rights by the College as either a matter of contract or policy. Accordingly, Dr. Kunsella's testimony lends no support to the plaintiff's position.

9. The Court recognizes that summary judgment is a drastic remedy which should be sparingly applied. Nevertheless, under Rule 56(e) of the Federal Rules of Civil Procedure, when a party moving for summary judgment supports the motion with affidavits and exhibits, "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.Pro. 56(e). The defendant herein has supported his motion as required by Rule 56(c). The burden has thus shifted to the plaintiff to come forward with specific facts demonstrating that there is a genuine issue of fact as to her claim of entitlement to continued employment with the College. Because the plaintiff has failed to sustain this burden, summary judgment is appropriate.

ment as to the plaintiff's claim that she has been deprived of property, to wit, her right to continued employment with the College, without due process of law, is granted.

IT IS SO ORDERED.