■ In the Matter of JACQUELINE STOKER, Appellant, v MARIANNE TARENTINO, as Health Service Director of the Ann Lee Home, et al., Respondents.—Mahoney, P. J. Appeal from that

part of an order of the Supreme Court at Special Term (Conway, J.), entered December 26, 1985 in Albany County, which denied petitioner's request to be awarded overtime pay.

By decision dated March 28, 1985, the Court of Appeals held that respondents improperly found petitioner, a nurse employed at a health-related facility, guilty of patient neglect and remitted the matter for "computation of the wages and benefits of which petitioner was deprived by the administrator's action" (64 NY2d 994, 996). Upon remittal, the parties stipulated that petitioner's lost wages amounted to $4,685.53. The parties disputed whether petitioner was entitled to overtime pay as well as regular wages. Special Term held that she was not, and this appeal ensued.

We reverse. Overtime is not appropriate in most cases since it is generally speculative whether the employee would have been entitled to it. However, in this case, the collective bargaining agreement provided that "[a]ll overtime shall be assigned on a rotating non-discriminating basis". Further, petitioner alleged, and respondents do not deny, that she worked overtime in the past. Thus, if overtime was ordered by respondents during the time petitioner was improperly disciplined, she would have been entitled to it pursuant to the collective bargaining agreement. Accordingly, she is entitled to the overtime pay along with regular wages.

Here, petitioner made a discovery demand upon respondents to obtain information to determine the amount of overtime awarded during her period of discipline. It was premature for Special Term to reject petitioner's claim for overtime before determining what amount of overtime, if any, she would have been entitled to had she not been disciplined.

Order reversed, on the law, with costs, and matter remitted to Supreme Court for further proceedings not inconsistent herewith. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.