establishing that causal connection. Upon renewal, plaintiff submitted a medical affidavit which asserted that decedent was depressed and anxious as a result of his heart problems and physical disabilities and that his suicide was proximately caused by those conditions.

In our view, the court properly denied plaintiff's motion because there was no competent medical proof of any causal connection between defendants' alleged negligence and decedent's suicide (see, Mahoney v Sharma, 110 AD2d 627; Fiorentino v Cobble Hill Nursing Home, 101 AD2d 825). Indeed, the medical affidavit did not even refer to any acts of defendants as bearing on decedent's death. (Appeal from order of Supreme Court, Erie County, Gossel, J.—amend pleadings.) Present—Callahan, J. P., Denman, Boomer, Lawton and Davis, JJ.

■ In the Matter of SANDRA LaSHURE, Appellant, v BOARD OF EDUCATION OF THE TOWN OF WEBB SCHOOLS et al., Respondents. (Appeal No. 1.)—Appeal unanimously dismissed without costs (see, Matter of Eric D., 162 AD2d 1051). (Appeal from judgment of Supreme Court, Herkimer County, O'Donnell, J. —art 78.) Present—Callahan, J. P., Denman, Boomer, Lawton and Davis, JJ.

■ In the Matter of SANDRA LaSHURE, Appellant, v BOARD OF EDUCATION OF THE TOWN OF WEBB SCHOOLS et al., Respondents. (Appeal No. 2.)—Judgment unanimously affirmed without costs. Memorandum: Petitioner appeals from an amended judgment which dismissed her CPLR article 78 petition challenging the determination of respondent school board terminating petitioner's employment as a part-time, nonprobationary teacher. The sole issue is whether respondents' determination must be annulled and petitioner reinstated to her position on the ground that she was terminated in violation of an alleged contractual right to employment for the entire school year, or whether petitioner was an employee at will with no right to continued employment. We conclude that petitioner had no right to continued employment and that the proceeding was properly dismissed (see, Matter of Tyson v Hess, 109 AD2d 1068, 1069, affd 66 NY2d 943). The resolution of the board merely referred to the continuation of petitioner's employment without reference to any term. (Appeal from judgment of Supreme Court, Herkimer County, O'Donnell, J.—art 78.) Present—Callahan, J. P., Denman, Boomer, Lawton and Davis, JJ.

■ MARY TICHENOR, as Executrix of GRACE GOULDING, De-