■ In the Matter of ERNEST D. ROBBINS, Petitioner, v MA-LONE CENTRAL SCHOOL DISTRICT et al., Respondents.—Levine, J.

---

Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Franklin County) to review a determination of respondents which terminated petitioner's employment as a school bus driver.

Petitioner was employed as a bus driver by respondent Malone Central School District (hereinafter respondent) in Franklin County from January 13, 1988 until November 16, 1989. At that time, petitioner was discharged by respondent based upon several complaints alleging inappropriate conduct by him in supervising and disciplining the students on his bus. Petitioner had been previously issued a written reprimand and warned that future misconduct could result in suspension or termination.

On December 7, 1989, an informal hearing was held before respondent Superintendent of Schools. Petitioner appeared at the hearing, accompanied by his union representative, and gave his version of the incidents which formed the basis for his dismissal. Following the hearing, the Superintendent upheld petitioner's dismissal. Petitioner then commenced this CPLR article 78 proceeding seeking to annul that determination. The proceeding was ultimately transferred to this court.

Petitioner's primary contention in this proceeding is that due process entitled him to procedural protections which he was not afforded in the hearing before the Superintendent. Although petitioner admits that he is not entitled to the protection of Civil Service Law § 75, he argues that he was nevertheless entitled to a due process hearing "closely parallel" to that guaranteed under Civil Service Law § 75. We disagree. In order to establish his entitlement to procedural due process protection, petitioner must show that he had acquired a constitutionally protected liberty or property interest in his employment (see, Board of Regents v Roth, 408 US 564, 577; Matter of Economico v Village of Pelham, 50 NY2d 120, 125; Matter of Voorhis v Warwick Val. Cent. School Dist., 92 AD2d 571). Here, petitioner claims that he had a contractually created property interest in continued public employment stemming from the collective bargaining agreement between his union and respondent. That agreement provides that an employee such as petitioner, not eligible for a Civil Service Law § 75 hearing, "may request a hearing before the Superintendent on questions of discipline" in situations involving suspension or termination from employment. The agreement further provides that the hearing is to be "conducted in private, and limited to the employee and the representatives of his choosing".

Contrary to petitioner's position, it is our view that the collective bargaining agreement gave him no right to continued employment because it does not alter respondent's right to terminate employees pursuant to a proper exercise of its discretion (see, *Matter of Economico v Village of Pelham, supra,* at 128-129; *Matter of Voorhis v Warwick Val. Cent. School Dist., supra,* at 572; see also, *Matter of Bezar v New York State Dept. of Social Servs.,* 151 AD2d 44, 49). Rather, it merely provides for what is clearly less than a full evidentiary hearing upon the request of an aggrieved employee. Thus, petitioner was entitled to no more procedural protections than those expressly afforded him under the collective bargaining agreement. The record demonstrates that petitioner appeared at the hearing with his chosen representative and that he was given a full opportunity to rebut the complaints against him. This was all the process that was due under the circumstances (see, *Matter of Bezar v New York State Dept. of Social Servs., supra,* at 50-51).

We find no merit to petitioner's remaining contention that the Superintendent's determination upholding his dismissal from employment was without a rational basis (see, *Matter of Pell v Board of Educ.,* 34 NY2d 222, 231). The record contains ample documentation of complaints received by respondent regarding petitioner's conduct as a bus driver, all of which implicated his ability to effectively supervise students and ensure their safety.

Weiss, P. J., Mercure, Mahoney and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.