■ DONALD E. GOREY, Appellant, v BOARD OF EDUCATION OF CITY OF BUFFALO et al., Respondents. [659 NYS2d 680] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint. The record establishes that plaintiff served a summons and complaint on defendants more than three years after the effective date of the resolution of defendant Municipal Civil Service Commission of the City of Buffalo (Commission) that designated his position as "confidential or policy influencing" pursuant to Civil Service Law § 42 (2-a). Plaintiff alleges that the reclassification of his position was unlawful because defendants failed to provide him with notice of the proposed "reclassification"; he seeks to annul that reclassification and to mandate defendants to reinstate him. The complaint is time-barred because that relief could have been sought in a CPLR article 78 proceeding, and this action was not brought within the four-month Statute of Limitations applicable to CPLR article 78 proceedings (*see,* CPLR 217 [1]; *Matter of Save the Pine Bush v City of Albany,* 70 NY2d 193, 202-203; *Solnick v Whalen,* 49 NY2d 224, 229-233). In any event, plaintiff was not entitled to prior notice of the proposed resolution because the Commission did not reclassify his position (*see,* Civil Service Law § 20; Rules for Classified Civil Service of City of Buffalo, rule 7).

We further conclude that plaintiff has failed to establish that he had a constitutionally protected property right to continued employment that required defendants to afford him

procedural due process before termination (*see, Bykofsky v Hess*, 107 AD2d 779, 781-782, *affd* 65 NY2d 730, *cert denied* 474 US 995; *Matter of Carter v Murphy*, 80 AD2d 960).

We have reviewed plaintiff's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Erie County, Sconiers, J.—Summary Judgment.) Present—Green, J. P., Pine, Lawton, Doerr and Fallon, JJ.