■ In the Matter of BILLIE BAUMAN, Appellant, v BOARD OF EDUCATION OF WATKINS GLEN CENTRAL SCHOOL DISTRICT, et al., Respondents. [800 NYS2d 461]—

---

Mugglin, J. Appeal from a judgment of the Supreme Court (O'Shea, J.), entered March 16, 2004 in Schuyler County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to direct respondents to pay petitioner's full salary during petitioner's suspension.

Petitioner, a tenured elementary school principal, was first employed by respondent Watkins Glen Central School District on August 12, 1996. In September 1997, petitioner received an additional appointment as Professional Development Coordinator at an annual stipend of $9,000. Also, on July 1, 1999, petitioner received a second additional appointment as Coordinator of the New Teacher Mentor Program which carried an annual stipend of $3,050. Although both appointments were for a one-year term, petitioner served continuously in both capacities—without reapplication or formal annual appointment—until her suspension, with pay, on December 17, 2002. In September 2003, the School District abandoned its informal policy and determined that all annual appointments, including those held by petitioner, would be made only after they were advertised and awarded by resolution of respondent Board of Education of the Watkins Glen Central School District. Petitioner, who was still under suspension, did not apply and was not reappointed to these annual positions. Respondent Mary Ellen Correa, the School District's superintendent, eliminated these stipends from petitioner's base pay and, by this CPLR article 78 proceeding, petitioner seeks restoration of these sums during her period of suspension.

We are thus presented with the narrow issue of whether Education Law § 3020-a (2) (b), which requires suspensions to be with pay except in circumstances not relevant here, is violated if petitioner's base pay is reduced by the amounts of annual stipends which expire during the period of suspension. Petitioner asserts that by reason of the School District's former policy, she received a de facto permanent appointment to these two positions and has a contractually and constitutionally protected vested property right in them. In addition, petitioner asserts that the superintendent lacked authority to reduce her salary. We think not, and affirm Supreme Court's dismissal of the petition.

Our analysis begins with section 4.5 (b) of the parties' collective bargaining agreement, which provides: "Effective July 1, 1999, if a supplemental assignment is performed for more than two years, compensation for such assignment will become part of an administrator's base salary as of the start of the third

year in which the assignment is performed. If an administrator has had compensation for a supplemental assignment added to his base salary and the assignment is discontinued, then the compensation for such assignment shall cease to be part of the administrator's base salary. Notwithstanding the effective date of this provision, if an administrator shall have continuously performed a supplemental assignment since July 1, 1997, he shall be eligible to have the compensation for such assignment become part of his base salary as of July 1999." Clearly, by this provision, the Board of Education retained the power to remove petitioner from either of her supplemental assignments at any time. As she acquired no contractual or property rights to the positions or the compensation therefrom (*see Board of Regents of State Colleges v Roth*, 408 US 564, 577-578 [1972]; *Matter of Elmore v Mills*, 296 AD2d 704, 706-707 [2002]; *Matter of Robbins v Malone Cent. School Dist.*, 182 AD2d 890, 892 [1992], *appeal dismissed* 80 NY2d 825 [1992]), her arguments are refuted and her estoppel argument is meritless. As petitioner's base pay was appropriately reduced, the superintendent was obligated to modify petitioner's compensation.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.