LE DRUGSTORE ETATS UNIS, INC., Respondent, *v.* NEW YORK STATE BOARD OF PHARMACY et al., Appellants.

Third Department, July 19, 1972.

Louis J. Lefkowitz, Attorney-General (Ruth Kessler Toch and Thomas P. Zolezzi of counsel), for appellants.

Rubin Wachtel Baum & Levin (Abraham G. Levin and Stephen A. Marshall of counsel), for respondent.

SWEENEY, J.   This is an appeal from an order of the Supreme Court at Special Term, entered July 16, 1971 in Albany County, which denied defendants' motion for summary judgment and granted plaintiff's cross motion for summary judgment, and from the judgment entered thereon.

Special Term has determined in an action for a declaratory judgment that plaintiff has the right to use the name " Le Drug-store " for its retail establishment without first having its premises licensed as a pharmacy so long as no drugs are sold on the premises and the legend " Not a Pharmacy " remains on the outside sign.   An injunction was granted against defendants from proceeding against plaintiff in the use of such name so long as the above conditions continue to exist.

Plaintiff engaged in operating a retail business in Manhattan, its various subtenants ranging from a restaurant and bar to boutiques and shops of various types.   " Le Drugstore " is a French created version of the American institution known as a drug store, " a mini-department store that dispensed food as well as prescriptions and sold anything it had room for ". Approximately 40 other " Le Drugstore " operations have developed in Paris, other parts of France and Europe, selling

everything but drugs. It is conceded that neither plaintiff nor any of its subtenants sell drugs of any kind, proprietary or otherwise. Defendants on this appeal maintain that paragraph g of subdivision 3 of section 6804 of the Education Law (now Education Law, § 6811, subd. 6; L. 1971, ch. 987) should be literally applied. This statute provides that it shall be a misdemeanor for: "Any person to carry on, conduct or transact business under a name which contains as a part thereof the words 'drugs', 'medicines', 'drug store', 'apothecary', or 'pharmacy', or similar terms or combination of terms, or in any manner by advertisement, circular, poster, sign or otherwise describe or refer to the place of business conducted by such person, or describe the type of service or class of products sold by such person, by the terms 'drugs', 'medicine', 'drug store', 'apothecary', or 'pharmacy', unless the place of business so conducted is a pharmacy licensed by the department".

The "pharmacy article" (Education Law, §§ 6800–6825) limits its application to the practice of pharmacy, the regulation of pharmacies and the sale of drugs which are not proprietary medicines. Its purpose is to protect the public health through regulation of the purchase, sale and compounding of drugs, prescriptions and poisons and to prohibit activities by unlicensed persons. It is difficult for us to conceive how that purpose can be achieved by enforcement of the statute in the instant case. No drugs, prescriptions, medicines or poisons of any kind can be obtained on plaintiff's premises. Furthermore, there is little likelihood that anyone would confuse it for a pharmacy, especially with the disclaimer on the outside sign. Even if such were the case, however, there would be no danger to the public health as no drugs are available on the premises. While the facts of this case appear to fit within the precise wording of subdivision 6 of section 6811, the letter of a statute should not be blindly adhered to so as to produce an unreasonable and absurd result. As Judge Jasen said recently in *Williams* v. *Williams* (23 N Y 2d 592, 599): "If the statute is so broadly drawn as to include the case before the court, yet reason and statutory purpose show it was obviously not intended to include that case, the court is justified in making an exception through implication. (*Matter of Meyer,* 209 N. Y. 386; *Holy Trinity Church* v. *United States,* 143 U. S. 457; cf. *Booth* v. *Curtis Pub. Co.,* 15 A D 2d 343, affd. 11 N Y 2d 907; see, also, Crawford, The Construction of Statutes, § 177 [1940].) '" In the only other reported case dealing with a predecessor of this statute, *People* v. *Bernstein* (237 App. Div.

270), the Second Department held that the unlicensed defendant could properly advertise proprietary medicines as " patent medicines " in spite of the language of the statute prohibiting the use of the term " medicines " by any unlicensed person. The court reasoned that in purchasing such patent medicines the public does not rely upon the skill of the retailer. There was, therefore, no danger of the public's being misled or otherwise harmed as a result of the proscribed conduct as literally applied. So, too, in the case before us, the public is not misled, nor is the public health in any way affected by the use of the word "Drugstore ", disclaimed conspicuously as " Not a Pharmacy ".

In the light of the purpose of this pharmacy article we can find no legislative intent that subdivision 6 of section 6811 was meant to apply to the merchant who sells no drugs. The statute should be construed to prohibit only that which the Legislature intended to prohibit within the otherwise valid exercise of the police power. Consequently, we conclude that the use of the term " Drugstore " by plaintiff does not violate the proscription against such use by this statute.

The order and judgment should be affirmed, with costs.

SIMONS, J. (dissenting). Paragraph g of subdivision 3 of section 6804 of the Education Law (now § 6811, subd. 6) prohibiting the use of the name " drugstore " by any but a licensed pharmacy is a clear prohibition of the use here. There is no good reason advanced why an exception should be made for plaintiff in this case. Our approval places a continuing burden on defendant to police the activities of the store to ensure that drugs are not sold.

The order and judgment should be reversed.

STALEY, JR., J. P., and KANE, J., concur with SWEENEY, J.; SIMONS and REYNOLDS, JJ., dissent and vote to reverse in an opinion by SIMONS, J.

Order and judgment affirmed, with costs.