■ In the Matter of NEW YORK STATE BOARD OF PHARMACY, Appellant, v DRUG PURCHASE, INC., et al., Respondents.—In a proceeding, *inter alia,* to seize and condemn certain drugs, the petitioner appeals from so much of a judgment of the Supreme Court, Kings County, dated August 11, 1976, as, after a hearing, (1) denied the relief sought in its first cause of action, i.e., the seizure and condemnation of all drugs located at a certain warehouse by reason of the lack of registration of the premises, (2) released a certain drug from quarantine and (3) denied its application to enjoin respondent Drug Purchase, Inc. (Drug), from possessing or holding for sale "drugs, cosmetics or devices" in unlicensed premises. Judgment modified, on the law, by (1) deleting the first decretal paragraph thereof and substituting therefor a provision authorizing the seizure and condemnation of all drugs located at the quarantined premises by reason of the lack of registration of the premises and (2) deleting the sixth decretal paragraph thereof and substituting therefor a provision enjoining and restraining Drug, its agents, employees and any persons under its control, from storing, possessing or holding for sale any drugs, cosmetics or devices, as those terms are defined in article 137 of the Education Law, in any premises which are not licensed and approved by the New York State Board of Pharmacy. As so modified, judgment affirmed insofar as appealed from, with costs to petitioner payable by respondent Drug. Drug, a licensed drug wholesaler, leased storage facilities at premises other than its licensed place of business. Pursuant to section 6813 of the Education Law, inspectors of the New York State Board of Pharmacy seized, by quarantining *in sito,* all of the drugs, devices and cosmetics found at the leased premises. Petitioner then moved for condemnation of all drugs located therein by reason of the failure of Drug to register those premises as prescribed by subdivision 4 of section 6808 of the Education Law. Special Term, strictly construing that statute, found that a separate registration for a branch or warehouse of a wholesaler was not required. We disagree with Special Term's statutory construction and find that the statute does require such separate registration. The purpose of article 137 of the Education Law is "to protect the public health through regulation of the purchase, sale and compounding of drugs, prescriptions and poisons" *(Le Drugstore Etats Unis v New York State Bd. of Pharmacy,* 39 AD2d 380, 382, revd on other grounds 33 NY2d 298). In construing laws and regulations enacted for the protection of public health, courts have long been committed to the concept that such statutes should be given an extremely liberal construction so as to further the accomplishment of their objectives (see *United States v Dotterweich,* 320 US 277; *United States v Kordel,* 164 F2d 913, affd 335 US 345; *People v Frudenberg,* 209 NY 218). Viewing the statute from this perspective, it is clear that, in its wording and in its intent, the statute requires registration, and in turn inspection, of all locations where a wholesaler stores drugs. Considering the highly questionable conduct of Drug demonstrated in the instant case, it is equally apparent that an injunction, and its concomitant penalties for violation, is called for. Margett, Acting P. J., Shapiro, Titone and Suozzi, JJ., concur.