■ In the Matter of DRUG PURCHASE, INC., Petitioner, v BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK et al., Respondents. —Proceeding initiated in this court, pursuant to subdivision 4 of section 6510 of the Education Law, to annul a determination of the Commissioner of Education which revoked petitioner's certificate of registration as a wholesaler of drugs and devices. Petitioner first contends that the hearing panel, by exclusively furnishing its initial findings, determination and recommendation to the Attorney-General, violated petitioner's due process rights and specifically subdivision 2 of section 307 of the State Administrative Procedure Act. We disagree. The petitioner was given notice of the proposed findings submitted by the Attorney-General and of the initial findings of the hearing panel with an opportunity to respond. Petitioner specifically declined to submit any counterreport, as invited, confining its response to criticisms of the proposed findings submitted by the Attorney-General. Petitioner also urged that the initial findings and determination of the panel be left intact. We find that the initial findings of the panel, which were originally furnished only to the Attorney-General, did not constitute an ex parte communication to the Attorney-General in violation of subdivi-

sion 2 of section 307. There was no intrusion into the deliberations of the panel since the panel had already made an independent initial finding. Both parties here, in an adverse manner, had adequate opportunity to participate in the final report on these facts. Petitioner next contends that it cannot be prosecuted under subdivision (9) of section 6509 of the Education Law defining "unprofessional conduct" because it is not a "professional" but a "business". We reject this contention. The evidence shows petitioner to be a wholesaler of drugs under the statute. Therefore, it professionally practices pharmacy and may have its license revoked for unprofessional conduct (Education Law, §§ 6801, 6802, subd 18; § 6808, subd 6; *Matter of Cortland-Clinton, Inc. v New York State Dept. of Health,* 59 AD2d 228, 231). We note that the purpose of article 137 of the Education Law is "to protect the public health" and such statutes "should be given an extremely liberal construction so as to further the accomplishment of their objectives" *(Matter of New York State Bd. of Pharmacy v Drug Purchase,* 57 AD2d 569, app pending). Here, the four specific factual allegations in the notice of revocation have been regulated by statute and are within the purview of subdivision (9) of section 6509 of the Education Law. The evidence overwhelmingly supports the findings of the Board of Regents. Lastly, petitioner urges that the revocation of its certificate of registration, under the circumstances herein, was so shocking to one's sense of fairness as to constitute an abuse of discretion. We disagree. The record shows that petitioner, over a long period of time, held in its unregistered premises, an unsanitary warehouse basement, large amounts of misbranded, outdated and adulterated drugs and did so without employment of a full-time pharmacist to supervise the operation. The penalty here imposed is not " ' "so disproportionate to the offense" ' " as to be " ' "shocking to one's sense of fairness" ' " *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233, 234). Determination confirmed, and petition dismissed, with costs. Mahoney, P. J., Greenblott, Larkin, Mikoll and Herlihy, JJ., concur.