■ In the Matter of ELEANOR SLOCUM, as Operator of Maple Lawn Nursing Home, Petitioner, v RICHARD A. BERMAN, as Director of the Office of Health Systems Management, New York State Department of Health, Respondent. — Determination unanimously confirmed and petition dismissed, without costs. Memorandum: In this article 78 proceeding petitioner seeks to annul a determination of the New York State Department of Health which revoked her nursing home operating certificate because of various violations of regulations concerning construction and safety standards. Petitioner, the owner and operator since 1958 of the two-story wood frame nursing home, was charged by a notice dated June 14, 1976 with 135 violations of article 28 of the Public Health Law and of the regulations promulgated thereunder for existing nursing homes which incorporate the Life Safety Code, State Hospital Code and American National Standards Institute standards (10 NYCRR Part 700 *et seq.*). A substantially similar amended notice dated July 30, 1976 was later served. Following a hearing, the hearing officer sustained certain of the charges and concluded that the most critical issues related to the structure of the facility, which he found was neither "protected wood frame" or "fire resistive" and that "these violations adversely affect the health, safety and welfare of the occupants". He recommended revocation of petitioner's operating certificate. Respondent adopted the findings and conclusions of the hearing examiner and held that the nursing home was not and could not be made reasonably safe or functionally adequate for nursing home occupancy. He denied petitioner's requests for waivers and modifications, revoked the operating certificate, and provided a general plan for closing the facility. Petitioner's argument, that the relevant administrative construction standards and waiver regulations had been declared unconstitutional *(Matter of Levine v Whalen,* 39 NY2d 510; *Matter of Koelbl v Whalen,* 63 AD2d 408) and that, thus, she could not be guilty of their violation, is without merit. We hold that the regulations which were applicable to petitioner's nursing home are not those which were declared unconstitutional in *Levine* and *Koelbl* and that the applicable regulations are constitutionally sound. The regulations governing nursing homes were variously amended in the period surrounding the filing of the charges against petitioner. The regulations which were relevant in determining the validity of these charges no longer included such modifying words as "determined", "acceptable", "approved" or "permitted" which the

Court of Appeals found objectionable in *Matter of Levine v Whalen* (39 NY2d 510, *supra)* decided on May 11, 1976 (see *Matter of Town of Massena v Whalen,* 72 AD2d 838). Furthermore, in *Levine* the Court of Appeals in passing on the waiver regulation stated: Likewise, the provisions of 10 NYCRR 711.1 (c) (1), extending to the commissioner the right to grant an exception to the applicability of the sections stated, conditioned " 'upon such reasonable requirements as the commissioner may specify if he finds that such determination is in the community interest and does not adversely affect the health or safety of the inhabitants' are vague and subjective." *(Matter of Levine v Whalen, supra,* p 519.) In *Matter of Koelbl v Whalen* (63 AD2d 408, 412, *supra),* decided July 13, 1978, the "community interest" standard of a subsequent waiver regulation, which was in effect from October 1, 1975 to July 15, 1976, was declared "impermissibly vague". At the time of the filing of the amended notice dated July 30, 1976 a third set of waiver regulations, which became effective on July 15, 1976 and replaced the waiver regulations declared unconstitutional in *Koelbl,* applied and is determinative here (see 10 NYCRR 711.7 [b]). These regulations provide: "(d) The commissioner, may, upon application, waive the specific requirements of this Chapter for any existing facility, upon a satisfactory showing by the applicant and a determination by the commissioner that: (1) There are specified practical difficulties in conforming with the pertinent provisions of sections 711.4, 711.5, 711.6, 711.7 and 711.8 of this Part. (2) The waiver of such requirement does not adversely affect the health and safety of the inhabitants. (3) The construction of the facility when reviewed in its entirety provides adequate protection to the health and safety of the inhabitants, or that there is a specific alternate provision made in the facility for the item for which the waiver is requested, that is equivalent to the requirement of this Article." Thus the "community interest" standard found to be offensive in *Koelbl* and included in the standard found to be invalid by the Court of Appeals in *Levine* has been deleted from the waiver regulations. The question now becomes whether the standard — "does not adversely affect the health and safety of the inhabitants" — is constitutionally offensive by itself because it is vague and subjective. A statute or regulation is unconstitutionally vague only if its meaning is so ambiguous or unclear that men of common intelligence must necessarily guess at its meaning *(Broadrick v Oklahoma,* 413 US 601, 607; *Lang v Berger,* 427 F Supp 204, 210; *People v Lang,* 36 NY2d 366, 369; *Quintard Assoc. v New York State Liq. Auth.,* 57 AD2d 462, 465). The void-for-vagueness doctrine embodies a "rough idea of fairness" *(Colten v Kentucky,* 407 US 104, 110; see *United States v Petrillo,* 332 US 1, 7-8) and does not require impossible standards of specificity which would unduly weaken and inhibit a regulating authority *(United States v Petrillo, supra,* pp 7-8; *Lang v Berger,* 427 F Supp 204, *supra)* especially in a field where flexibility and adaptation of the legislative policy to varying conditions is the essence of the program (see *Matter of Nicholas v Kahn,* 47 NY2d 24, 34; *Matter of Levine v Whalen,* 39 NY2d 510, 515, *supra; Matter of City of Rome v New York State Health Dept.,* 65 AD2d 220, 227). The regulations must give "sufficiently definite warning * * * when measured by common understanding and practices" *(United States v Petrillo, supra,* pp 7-8; see *Lang v Berger, supra,* p 212; *Quintard Assoc. v New York State Liq. Auth., supra,* pp 464-465) and articulate an objective standard which governs the exercising of the discretion and affords the possibility of meaningful judicial review (see *Matter of Nicholas v Kahn, supra; Matter of Levine v Whalen, supra).* The regulations under review are neither vague nor subjective because the health and safety needs of a nurs-

ing home patient ordinarily "would not vary with the subjective interpretations of the observer, but rather would be objective needs, reasonably-well identifiable by all competent observers" *(Matter of Koelbl v Whalen, supra).* The standard whereby the sufficiency of the statute or regulation is measured is whether men of common intelligence must necessarily guess at what conduct is prohibited *(Quintard Assoc. v New York State Liq. Auth.,* 57 AD2d 462, *supra).* Instead of attempting to define every condition which "does not adversely affect the health or safety of the inhabitants" — an approach which might unduly hobble the commissioner's professional judgment — the regulations give a general notice of what is required and it is inconceivable that a reasonable nursing home owner of average intelligence would not understand what is meant thereby (cf. *Lang v Berger, supra).* Moreover, the standard — "adversely affect" — is sufficiently similar to the standard set forth in section 2800 of the Public Health Law under which the regulations under review were promulgated — "to provide for the protection and promotion of the health of the inhabitants of the state" — to withstand a constitutional attack as vague. Since the statutory standard was determined to be "sufficiently specific and clear" when constitutionally challenged as vague *(Matter of Levine v Whalen, supra)* and that standard is quite similar to the challenged regulatory standard, the regulatory standard too should be deemed constitutionally sound. As this court has stated, "laws and regulations enacted to protect the public health 'should be given an extremely liberal construction so as to further the accomplishment of their objectives' " *(Matter of City of Rome v New York State Health Dept.,* 65 AD2d 220, 227, *supra,* quoting *Matter of New York State Bd. of Pharmacy v Drug Purchase,* 57 AD2d 569, affd 42 NY2d 741). Although we need not reach the substantial evidence question since petitioner neither raised nor briefed the issue (see *Hartford Acc. & Ind. Co. v Village of Hempstead,* 48 NY2d 218, 221, n 3; *Matter of Curry v Blum,* 73 AD2d 965; *Matter of Lindner,* 71 AD2d 829), charged violations sufficient to revoke petitioner's nursing home operating certificate are supported by substantial evidence in the record. Other issues which have been raised have been examined and found to be without merit. (Article 78 proceeding transferred by order of Onondaga Supreme Court.) Present — Simons, J.P., Hancock, Jr., Doerr, Denman and Schnepp, JJ.