OPINION OF THE COURT
Joseph P. Torraca, J.
The New York State Department of Environmental Conservation (DEC) has established as an effluent limitation for the grease and oil which may be discharged into the waters of New York State, the level of 15 milligrams per liter (15mg/l) of waste water. This limitation is contained in permits regulating pollution discharges from various facilities, including those of Texaco, Inc. (Texaco).
The authority for this regulation and issuance of permits comes down through the Federal Clean Water Act (US Code, tit 33, § 1251 et seq.), whereby the United States Environmental Protection Agency may authorize States such as New York to issue pollutant discharge permits. New York State has received such authorization.
The permit must require the permittee to employ the “best conventional pollutant control technology” (US Code, tit 33, § 1311, subd [b], par [2], cl [E]), in reducing effluent discharges and, furthermore, permittees must meet any more stringent limitations which the State may impose.
*661 In this CPLR article 78 proceeding petitioner, Texaco, asks this court, in sum, for an order setting aside respondent DEC’s determination that 15mg/l of discharged effluent is the proper limitation of oil and grease concentration for Texaco’s New York marketing terminals.
At the outset, the court is bound to carefully examine the record and determine if substantial evidence supports the administrative agency’s determinations. In doing this, the court must resolve reasonable doubts in favor of the administrative decision (Matter of Town of Henrietta v Department of Environmental Conservation of State of N. Y., 76 AD2d 215). To this the court adds the fact that the pure waters program has bestowed broad powers on the various State agencies for the purpose of eliminating pollution from its waters. Accordingly, the courts have taken the position that “laws and regulations enacted to protect the public health ‘should be given an extremely liberal construction so as to further the accomplishment of their objectives’ ” (Matter of City of Rome v New York State Health Dept., 65 AD2d 220, 227; Matter of Slocum v Berman, 81 AD2d 1014).
From the evidence before the court, it appears that the limitation placed on such discharges by the DEC is consistently achievable and not an unreasonable requirement.
Finally, the United States Court of Appeals for the Seventh Circuit had before it a similar situation involving the review of a national pollutant discharge elimination permit for the Gary, Indiana, works of United States Steel Corporation, wherein the company argued that limitations on certain chemicals “are impossible to achieve with present technology” (United States Steel Corp. v Train, 556 F2d 822, 838). In response, the court stated that even if petitioner’s position was accurate, it does not follow that the limitations are invalid. It goes on to say that the act and the legislative history established that the States are free to “force technology” (United States Steel Corp. v Train, supra) if they deem it appropriate.
Petition denied.