■ In the Matter of ANNA CHLEBOWSKI, Petitioner, v DAVID AXELROD, as Commissioner of Health of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent Commissioner of Health which denied petitioner's request to amend or expunge the record of a report of her alleged physical abuse of a patient in a residential health care facility and sustained the report. On June 5, 1980, petitioner, a nurses aid at Villa Mary Immaculate, a residential health care facility, was charged by a fellow employee with having physically abused a patient by placing a towel on the patient's head and rubbing it

forcefully into the patient's face in a manner that was totally inappropriate for the care being rendered to the patient. Pursuant to section 2803-d of the Public Health Law, the matter was investigated and a report was filed with respondent's representative, who determined that there was some credible evidence of inappropriate physical contact. Following the procedures outlined in section 2803-d, petitioner obtained a hearing on the matter, after which respondent denied her request that the record of the report be amended or expunged. This proceeding ensued. The only issue raised by petitioner in this proceeding is whether respondent's determination is supported by substantial evidence. The determination is based solely upon the testimony of the coemployee, whose view of the incident was partially obstructed, and who saw only a portion of the care being rendered by petitioner, which involved washing the patient's body. Under these circumstances, there is nothing in the record to support respondent's finding that petitioner's conduct so departed from that required under the circumstances as to constitute physical abuse of the patient. Petition granted, and determination annulled, without costs. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.