■ DAVID G. LEEMHUIS, Appellant-Respondent, v NEW YORK STATE PUBLIC EMPLOYEES FEDERATION, AFL-CIO, et al., Respondents-Appellants.—Harvey, J. Cross appeals from a judgment of the Supreme Court at Special Term (Shea, J.), entered October 25, 1984 in Schenectady County, which, *inter alia,* granted defendants' motion to dismiss the amended complaint for failure to exhaust administrative remedies and declared a portion of defendants' agency shop fee rebate procedure for fiscal years 1981-1982 and 1982-1983 to be improper.

Plaintiff is a State employee whose job classification places him within the Professional, Scientific and Technical Bargaining Unit (PS&T). Defendant New York State Public Employees Federation, AFL-CIO (PEF) is the duly certified negotiating agent for PS&T. Although plaintiff is not a member of PEF, an amount equivalent to PEF membership dues is deducted from his biweekly salary and forwarded to PEF pursuant to Civil Service Law § 208 (3) (a). This practice, which is known as the collection of agency shop fees, is authorized by Civil Service Law § 208 (3) (a) for use in the public employment sector.

Plaintiff, pursuant to Civil Service Law § 208 (3) (a), made timely requests in 1982 and 1983 for the return of that portion of his fees which were used to support ideological

causes not germane to collective bargaining activities. Plaintiff received $5.40 for the 1981-1982 fiscal year and $10.48 for the 1982-1983 fiscal year. Along with these refunds, plaintiff also received a package of financial information detailing how the amounts were calculated.

Thereafter, plaintiff commenced the instant action in which, *inter alia,* he alleged that Civil Service Law § 208 (3) (a) violates the US Constitution 1st and 14th Amendments. He demanded that the statute be declared unconstitutional or, in the alternative, that it be narrowly construed. Plaintiff further sought an injunction preventing PEF from expending agency shop fees for "impermissible purposes"; a refund of the entire amount deducted from plaintiff's salary for agency shop fees in fiscal year 1981-1982; and the establishment of a segregated escrow account for agency shop fee deductions to insure that PEF will not expend such funds for impermissible purposes in the future. Prior to answering, defendants moved for dismissal of plaintiff's amended complaint on the grounds of failure to state a cause of action, lack of subject matter jurisdiction, failure to exhaust administrative remedies, res judicata and collateral estoppel. Although Special Term rejected plaintiff's constitutional challenge, it did find that the refund procedures used by PEF were improper insofar as they permitted the temporary use of objecting employees' funds prior to a determination of the amounts which could be used for permissible purposes under Civil Service Law § 208 (3) (a). Nevertheless, the court granted defendants' motion to dismiss on the ground that plaintiff failed to exhaust his administrative remedies. Both parties have appealed.

Plaintiff contends that Civil Service Law § 208 (3) (a) is unconstitutional on its face. We disagree. The statute was tailored after the decision of the United States Supreme Court in *Abood v Detroit Bd. of Educ.* (431 US 209) in which the court held that, subject to certain limitations, the imposition of agency shop fees upon public employees was not unconstitutional. Civil Service Law § 208 (3) (a) allows the imposition of agency shop fees in the public sector only upon the proviso that the union has: "established and maintained a procedure providing for the refund to any employee demanding the return any part of an agency shop fee deduction which represents the employee's pro rata share of expenditures by the organization in aid of activities or causes of a political or ideological nature only incidentally related to terms and conditions of employment." Although the requirements set forth in *Abood* have been further developed by the Supreme

Court in *Ellis v Railway Clerks* (466 US 435) and *Chicago Teachers Union v Hudson* (475 US —, 89 L Ed 2d 232), we find nothing in the statutory language of Civil Service Law § 208 (3) (a) which is palpably inconsistent with the guidelines articulated by the court in *Abood* and its progeny. Consequently, we conclude that the statute is not unconstitutional on its face.

However, the record makes it manifestly clear that, during the relevant time, the features implemented by PEF fell short of satisfying those procedures constitutionally required, as set forth in the recent decisions of *Ellis* and *Chicago Teachers Union*. Thus, Special Term correctly determined that a portion of PEF's refund procedures was improper. Nevertheless, Special Term erred in granting defendants' motion to dismiss. Plaintiff's objection to the assessment of agency shop fees under PEF's procedures was filed in a timely fashion *(see,* Civil Service Law § 208 [3] [a]; *cf. Abood v Detroit Bd. of Educ., supra,* p 238). Since plaintiff's argument was based in significant part on a challenge to the constitutionality of PEF's procedures, there was no need for him to demonstrate an exhaustion of his administrative remedies *(see, Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57; *Commissioner of Labor of State of N. Y. v Hinman,* 103 AD2d 886, *appeal dismissed* 64 NY2d 756). Therefore, we conclude that the judgment of Special Term must be modified to deny defendants' motion to dismiss for plaintiff's failure to exhaust his administrative remedies.

Finally, we reject defendants' contention that previous decisions by the Public Employment Relations Board prevent plaintiff, under the doctrine of res judicata, from seeking to establish defects in PEF's fee refund procedures. Plaintiff's current challenge is limited primarily to constitutional issues, the merits of which have not been duly decided.

Judgment modified, on the law, without costs, by reversing so much thereof as granted defendants' motion to dismiss the amended complaint for failure to exhaust administrative remedies; motion denied; and, as so modified, affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.