In the Matter of UNITED UNIVERSITY PROFESSIONS, Petitioner, v HAROLD R. NEWMAN et al., Constituting the Public Employment Relations Board, Respondents.

Third Department, April 27, 1989

**APPEARANCES OF COUNSEL**

*Bernard F. Ashe (Rocco Solimando* and *Ivor R. Moskowitz* of counsel), for petitioner.

*Martin L. Barr (Jerome Thier* of counsel), for respondents.

**OPINION OF THE COURT**

Casey, J.

Civil Service Law § 208 (3) (a) authorizes a duly certified

public employee organization to collect what are known as agency shop fees from employees within the negotiating unit who are not members of the organization, provided that the organization "has established and maintained a procedure providing for the refund to any employee demanding the return [of] any part of an agency shop fee deduction which represents the employee's pro rata share of expenditures by the organization in aid of activities or causes of a political or ideological nature only incidentally related to terms and conditions of employment". As we said in *Leemhuis v New York State Pub. Employees Fedn.* (121 AD2d 796, 797, *appeal dismissed* 68 NY2d 910), "[t]he statute was tailored after the decision of the United States Supreme Court in *Abood v Detroit Bd. of Educ.* (431 US 209) in which the court held that, subject to certain limitations, the imposition of agency shop fees upon public employees was not unconstitutional". We also noted that "the requirements set forth in *Abood* have been further developed by the Supreme Court in *Ellis v Railway Clerks* (466 US 435) and *Chicago Teachers Union v Hudson* (475 US [292])" *(supra,* at 797-798). In this proceeding, petitioner seeks review of a determination by the Public Employment Relations Board (hereinafter PERB) which, *inter alia,* found that petitioner's agency shop fee refund procedures for certain years were inadequate.

■ PERB's determination is the result of the consolidation of appeals from Administrative Law Judge decisions in five cases involving improper practice charges based upon petitioner's agency shop fee refund procedures for fiscal years 1984-1985, 1985-1986 and 1986-1987. In its exceptions on appeal to PERB, petitioner raised procedural issues concerning the timeliness and sufficiency of several of the charges, but PERB's determination failed to address these issues. Since our function in this transferred CPLR article 78 proceeding is to review the agency's determination, we would ordinarily remit the matter to PERB for its determination on the merits of petitioner's procedural objections before reviewing PERB's substantive determination. We agree with PERB, however, that enough of the various charges fall outside the scope of petitioner's procedural objections to permit PERB's substantive review of the validity of petitioner's refund procedures for the years at issue.

Petitioner's agency shop fee refund procedures for the 1984-1985 and 1985-1986 fiscal years were substantially the same. These procedures used an advance reduction method of pay-

ment of the portion of the agency shop fee used for activities of an ideological or political nature. To obtain a refund, an employee was required to file objections between September 1 and September 30 of the fiscal year for which a refund was requested. Petitioner would then make a determination as to the amount that the objector's agency shop fee should be reduced, based upon data from the latest fiscal year for which a completed audit was available, and the objector would receive an advance payment of the amount of the reduction. Upon completion of an audit for that fiscal year, necessary adjustments would be made and, if the objector was dissatisfied with this final refund determination, an appeal to petitioner's executive board could be filed by registered or certified mail within 30 days of the final determination. If the objector was dissatisfied with the executive board's decision, a further appeal to a neutral arbitrator could be taken within 30 days, again using registered or certified mail. The 1986-1987 refund procedures differed in that an objector's refund request had to be filed between June 15 and June 30 of the fiscal year preceding the one for which the refund was sought. Petitioner determined the amount of the refund based upon the data for the latest fiscal year for which there was a completed audit and the advance reduction payment was made at the beginning of the fiscal year. A direct appeal to a neutral arbitrator could be taken by registered or certified mail within 30 days of receipt of the advance reduction payment.

■ PERB's determination as to the adequacy of these procedures is based in part upon its construction of Civil Service Law § 208 (3) (a), but to a large extent PERB's determination is based upon its interpretation of the constitutional requirements established by the United States Supreme Court, with particular emphasis on the case of *Teachers v Hudson* (475 US 292, *supra*). PERB determined that since the 1984-1985 and 1985-1986 procedures allowed the advance reduction payment to be made after the commencement of the fiscal year, and therefore after collection of the agency shop fees had begun, there existed a risk that an objector's funds would be used, at least temporarily, to finance political or ideological activities. Petitioner concedes that the procedure must be designed to minimize such a risk *(see, supra,* at 305), but contends that due to the State's lag payroll, the risk was minimal. In *Ellis v Railway Clerks* (466 US 435, 444, *supra),* the Supreme Court said, "Given the existence of acceptable alternatives, the union cannot be allowed to commit dissenters' funds to im-

proper uses even temporarily." Here, too, there existed an acceptable alternative which virtually eliminated the risk by requiring that the advance reduction payment be made at the beginning of the fiscal year, an alternative that petitioner adopted in its 1986-1987 refund procedures. We see no basis for disturbing PERB's determination.

■ Next, petitioner objects to PERB's determination that the refund procedures were inadequate due to the failure to provide financial information to the agency fee payers prior to the opportunity to object to the advance reduction. PERB's determination has its foundation in the following language from *Teachers v Hudson (supra,* at 306): "Basic considerations of fairness, as well as concern for the First Amendment rights at stake, also dictate that the potential objectors be given sufficient information to gauge the propriety of the union's fee. Leaving the nonunion employees in the dark about the source of the figure for the agency fee—and requiring them to object in order to receive information—does not adequately protect the careful distinctions drawn in *Abood.*" Petitioner argues that its publication of financial information in the union newspaper sent to all employees satisfied this requirement for "sufficient information to gauge the propriety of the union's fee" *(supra,* at 306), but we see nothing irrational in PERB's conclusion that the mere inclusion of such information in a union newspaper, without making any effort to alert potential objectors, is inadequate.

■ PERB also determined that the refund procedures were inadequate due to the absence of an independent audit, based upon express language in *Teachers v Hudson (supra,* at 307, n 18). Petitioner's objection is premised on the theory that PERB has required an independent auditor to make legal determinations as to the portions of the agency shop fee used for permissible and impermissible purposes, but PERB acknowledges that all is required is that an independent auditor verify the expenditures.

■ PERB determined that the two-step appeal procedure at the completion of the fiscal years provided for in the 1984-1985 and 1985-1986 refund procedures did not comply with the constitutional requirement of "a reasonably prompt decision by an impartial decision maker" *(supra,* at 307). We find nothing in petitioner's arguments which persuades us to disturb PERB's determination on this issue.

■ Petitioner's next objection is directed at PERB's require-

ment that petitioner maintain a 10% "cushion" in an escrow account. Among the constitutional requirements articulated by the Supreme Court in *Teachers v Hudson (supra,* at 310) is "an escrow for the amounts reasonably in dispute while such challenges [to the amount of the fee] are pending". Petitioner argues that since its procedures use an advance reduction payment method, there can never be an amount reasonably in dispute unless an objector specifies an amount. The argument is meritless. Since the amount of the advance reduction payment is an estimate based upon a prior year's expenditures, there exists the potential for an impermissible use of agency shop fee payers' moneys. Since the actual amount cannot be determined until the actual expenditures are determined at the end of the fiscal year, PERB concluded that 10% of the advance reduction payment would adequately reflect the amount reasonably in dispute. If it is determined that some or all of this 10% cushion should properly be included in the amount collected by petitioner, petitioner is authorized to recoup this amount from the escrowed "cushion".

■■ We also find no merit in petitioner's contention that PERB's determination must be annulled insofar as it concluded that the 15-day filing period for objections and the requirement that objections be filed by certified mail were overly burdensome, unreasonable and coercive. Procedures must be "carefully tailored to minimize the infringement" on constitutional rights *(supra,* 475 US, at 303). Petitioner's final objection concerns PERB's requirement that the refund procedure must include an appeals procedure for an end-of-the-year adjustment based upon actual expenditures, in addition to the appeal provided by the 1986-1987 refund procedures at the time of the advance payment which is based upon a prior fiscal year's expenditures. PERB imposed this requirement based upon its statutory construction of the refund procedure provision of Civil Service Law § 208 (3) (a), and since we see nothing irrational in the requirement, we will not disturb the determination.

■ Turning to the remedy contained in PERB's determination, to which petitioner also objects, we are of the view that PERB erred in ordering refunds to all charging parties without first passing on petitioner's procedural objections. If an improper practice charge is subject to dismissal for procedural deficiencies, the charging party clearly would not be entitled to relief. Accordingly, the matter should be remitted to PERB for a determination of petitioner's procedural objections con-

tained in its exceptions on appeal. In the event that it sustains any of those objections, PERB should fashion an appropriate remedy. In all other respects, PERB's determination should be confirmed.

MAHONEY, P. J., WEISS, YESAWICH, JR., and HARVEY, JJ., concur.

Determination modified, without costs, by annulling so much thereof as ordered petitioner to make full refunds to all charging parties; matter remitted to the Public Employment Relations Board for further proceedings not inconsistent with this court's decision; and, as so modified, confirmed.