■ BAKERY SALVAGE CORPORATION, Appellant, v CITY OF BUFFALO et al., Respondents.—Judgment unanimously reversed on the law without costs and judgment granted, in accordance with the following Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking 1) to prohibit and enjoin respondents from enforcing the "Offensive or Noxious Odors" ordinance enacted by respondent, the Common Council of the City of Buffalo (the Common Council), under article IX (ch 216) of the Code of the City of Buffalo, and 2) to declare the ordinance unconstitutional. Supreme Court dismissed the petition.

The ordinance at issue was enacted by the Common Council to regulate business, commercial or manufacturing establishments which produce offensive or noxious odors (Buffalo City Code § 216-30). The ordinance, acknowledging that "no reliable scientific objective standard or test for the existence of an offensive or noxious odor exists in present day science or

technology", nonetheless defines a "[n]oxious or offensive odor" to be "[t]he minimum concentration of odor required to give the first sensation of fetid or noisome odor to a person of average odor sensitivity" (Buffalo City Code §§ 216-30, 216-31). The ordinance further provides that upon the filing of a petition signed by at least 20% of "the owners of real property" within the "impact area", that is, a one-quarter mile radius of the point or points of the odor emission, the Common Council must conduct a hearing and decide whether to issue a regulated use permit to enable the establishment to continue operation of its business (Buffalo City Code §§ 216-31, 216-32). If a regulated use permit is denied, the establishment must terminate its operation. The factors to be considered when making that determination are 1) whether the "use complained of * * * predated the residential uses affected", 2) "the economic impact on the establishment and the City and its citizens of denying the use or permit or approving it with conditions" and 3) "[w]hether the residents' loss of comfort can be compensated for with" the cessation of the use (Buffalo City Code § 216-33).

In September, 1990, a proceeding pursuant to the ordinance was commenced by the filing of a petition against petitioner, a business engaged in the manufacture of animal feed from surplus bakery products. That proceeding has been stayed pending determination of this CPLR article 78 proceeding.

Preliminarily, we note that a declaratory judgment action is the appropriate vehicle to test the validity of the ordinance at issue, and, accordingly, we convert the proceeding to an action for a declaratory judgment *(see,* CPLR 103 [c]; *Kamhi v Town of Yorktown,* 141 AD2d 607, 609, *affd* 74 NY2d 423; *Matter of Sacco v Maruca* [appeal No. 1], 175 AD2d 578 [decided herewith]).

The test for determining whether due process has been accorded "[is] whether there has been protection of the individual against arbitrary action" *(Health Ins. Assn. v Harnett,* 44 NY2d 302, 309). The void-for-vagueness doctrine, called "the first essential of due process of law" *(Connally v General Constr. Co.,* 269 US 385, 391), requires that a statute or ordinance be "informative on its face" *(People v Firth,* 3 NY2d 472, 474), which "serves not only to assure that citizens can conform their conduct to the dictates of law but, equally important, to guide those who must administer the law" *(People v Illardo,* 48 NY2d 408, 413; *see also, People v New York Trap Rock Corp.,* 57 NY2d 371, 378). "To this end nothing less than 'adequate warning of what the law requires' will do" *(People v New York Trap Rock Corp., supra,* at 378,

quoting *People v Cruz,* 48 NY2d 419, 424, *appeal dismissed* 446 US 901). The grant of notice regarding the conduct proscribed is required because "unless by its terms a law is clear and positive, it leaves virtually unfettered discretion in the hands of law enforcement officials and thereby may encourage arbitrary and discriminatory administration" *(People v Illardo, supra,* at 414).

Application of the above principles to the ordinance before us compels the conclusion that the ordinance, no doubt a well-intentioned attempt to address public concerns about noxious odors being emitted from business and commercial establishments into residential areas, may not survive the void-for-vagueness test because a lack of a reasonable degree of definiteness pervades various provisions of the ordinance.

The ordinance contains no objective standards by which one can determine the quantum of emissions of odors which constitute a "minimum concentration" or by which to determine whether a person is of "average odor sensitivity" (Buffalo City Code § 216-31). The ordinance's imprecise definition of noxious or offensive odors would permit the termination of a business because of the presence of any odor which annoys any person who owns property in the "impact area" since its application could rest upon the "malice or animosity of a cantankerous neighbor" *(Miller v Valley Forge Vil.,* 43 NY2d 626, 632 [Cooke, J., dissenting]). Further, although there are three enumerated "factors" to be considered by the Common Council in its determination whether to grant or deny the regulated use permit, there exists no standard by which the Common Council is to determine whether the alleged odors are noxious and offensive, the ultimate determination to be made in deciding whether the ordinance has been violated. Rather, whether the ordinance has been violated "leaves virtually unfettered discretion in the hands of" the Common Council *(People v Illardo, supra,* at 414). Thus, "[o]verall, in whole and in many of its parts, as indicated, the pervasive nature of its catchall effect makes the ordinance not only a ready candidate for *ad hoc* and discriminatory enforcement but one whose defects are not remediable by a narrowing construction" *(People v New York Trap Rock Corp., supra,* at 381). Therefore, the judgment of Supreme Court is reversed and the "Offensive or Noxious Odors" ordinance of the City of Buffalo is declared unconstitutional. In view of our determination, we do not address petitioner's remaining contentions. (Appeal from Judgment of Supreme Court, Erie County, Wolf-

gang, J.—Article 78.) Present—Dillon, P. J., Boomer, Pine, Balio and Davis, JJ.