■ In the Matter of ENVIROTECH OF AMERICA, INC., Respondent, v LORENE DADEY et al., Constituting the Zoning Board of Appeals of Village of East Syracuse, et al., Appellants. [651 NYS2d 778] —Judgment unanimously modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum: Petitioner currently operates a collection and transfer station for regulated medical wastes (RMW) in the Village of East Syracuse (Village). In June 1995 petitioner sought approval from the New York State Department of Environmental Conservation (DEC) to modify its facility by installing a microwave chamber, which would enable the wastes to be disinfected for disposal in an ordinary sanitary landfill. After DEC issued permits for the project, the attorney for the Village notified petitioner that it should apply for a special permit under Village Zoning Ordinance § 8-1 (b) (1). Thereafter, the Village Trustees enacted Local Law No. 1 of 1995, which amends section 8-1 of the Village Zoning Ordinance to prohibit the processing of medical or infectious wastes in the light industrial district where petitioner's facility is located. Petitioner commenced this proceeding seeking a judgment pursuant to CPLR article 78 and a judgment declar-

ing that the proposed modification is permitted despite the Village Zoning Ordinance and Local Law No. 1 of 1995, and seeking an award of damages in the amount of $70,000 per month.

Supreme Court erred in holding that local regulation of RMW is preempted by ECL article 27, title 15. By its terms, that title supersedes other inconsistent State and local laws relating only to the transportation of RMW (*see,* ECL 27-1503; *Matter of Pete Drown, Inc. v Town Bd.,* 188 AD2d 850, 852).

The court further erred in holding that Local Law No. 1 of 1995 is unconstitutionally vague. The local law plainly applies to petitioner's activities and " 'will not be struck down as vague even though marginal cases could be put where doubt might rise' " (*People v Cruz,* 48 NY2d 419, 424, *appeal dismissed* 446 US 901, quoting *United States v Harriss,* 347 US 612, 618; *see also, State of New York v Rutkowski,* 44 NY2d 989, 991; *Matter of Aballe v Coughlin,* 216 AD2d 949; *cf., Bakery Salvage Corp. v City of Buffalo,* 175 AD2d 608). Petitioner failed to rebut the strong presumption of the constitutional validity of the local law by demonstrating its unconstitutionality beyond a reasonable doubt (*see, Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492, 500; *Wiggins v Town of Somers,* 4 NY2d 215, 218, *mot to amend remittitur granted* 4 NY2d 1045, *rearg denied* 4 NY2d 1046).

The court properly determined, however, that a special permit is not required under Village Zoning Ordinance § 8-1 (b) (1). Petitioner presented uncontroverted proof that the proposed microwave treatment facility will not be "noxious or injurious * * * because of danger to the general public due to hazards of fire and explosion, including those uses where explosives, combustible gases or flammable liquids are manufactured or stored" (Village Zoning Ordinance § 8-1 [b] [1]). Although respondents argue that the natural gas used to heat petitioner's building could cause an explosion that would hurl medical wastes over the surrounding neighborhoods, there is no indication that respondents have previously required a special permit on the ground that a building is heated with natural gas. Indeed, petitioner has operated its current facility, which is heated with natural gas, for years without a special permit.

The evidence also supports the court's determination that Local Law No. 1 of 1995 does not bar the issuance of a building permit to petitioner because respondents deliberately delayed review of the project until the local law was adopted to prohibit the intended use. DEC sent a copy of its Notice of Complete Application With Negative Declaration to the Vil-

lage on August 23, 1995. Petitioner gave an informational presentation to Village officials in mid-September, within the 30-day DEC public comment period. The Village did not indicate to DEC or petitioner its desire to exercise jurisdiction or serve as lead agency under the State Environmental Quality Review Act. After DEC issued permits to petitioner in October, the Village required petitioner to apply for a special permit, and the Village Trustees forthwith enacted Local Law No. 1 of 1995, forbidding the processing of medical and infectious wastes. Respondents' deliberate delay until Local Law No. 1 was enacted to bar the intended use requires that any application by petitioner be reviewed without regard to the enactment of Local Law No. 1 (*see, Matter of De Masco Scrap Iron & Metal Corp. v Zirk*, 62 AD2d 92, 98, *affd* 46 NY2d 864; *see also, Matter of Pokoik v Silsdorf*, 40 NY2d 769; *Burger King Corp. v Village of Larchmont*, 89 Misc 2d 901, *affd* 52 AD2d 898, *affd* 41 NY2d 1097).

Although the court made no finding that petitioner has a vested right to complete the proposed modification, both parties have argued that issue on appeal. We note that petitioner has no vested right because, even if its expenditures to date may be considered substantial, the expenditures were not made in reliance upon a valid permit (*see, Town of Orangetown v Magee*, 88 NY2d 41, 47-48).

Because the relief sought by petitioner includes, *inter alia*, a declaration that the Village Zoning Ordinance does not apply, we reject respondents' contention that the action should be dismissed against the Zoning Board of Appeals and its members.

We therefore modify the judgment by vacating the first and third decretal paragraphs and grant judgment in favor of petitioner declaring that no special permit is required under Village Zoning Ordinance § 8-1 (b) (1) for petitioner's proposed modification, and further declare that Local Law No. 1 of 1995 does not apply to petitioner's proposed modification. (Appeal from Judgment of Supreme Court, Onondaga County, Tormey, III, J.—CPLR art 78.) Present—Lawton, J. P., Fallon, Wesley, Balio and Davis, JJ. [*See*, 168 Misc 2d 661.]