In the Matter of PHILIP L. GURNSEY, Appellant, v J. DAVID SAMPSON, Executive Deputy Commissioner, New York State Department of Motor Vehicles, et al., Respondents. [57 NYS3d 855]—

Appeal from a judgment (denominated order) of the Supreme Court, Orleans County (James P. Punch, A.J.), entered January 22, 2016 in a proceeding pursuant to CPLR article 78. The judgment denied the petition.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding against, inter alia, the New York State Department of Motor Vehicles (respondent) seeking to annul the determination denying petitioner's application for a new driver's license. Before his license was revoked in 2000, petitioner had accumulated five alcohol-related driving convictions, and there was also one incident in which he refused to submit to a chemical test. In 2014, petitioner applied for a new license. The application was denied on the ground that petitioner had "five or

more alcohol- or drug-related driving convictions or incidents in any combination," and thus was subject to lifetime revocation (15 NYCRR 136.5 [b] [1]). In 2015, petitioner pursued an administrative appeal and sought an exception based on a showing of "unusual, extenuating and compelling circumstances" (15 NYCRR 136.5 [d]), and that also was denied.

We reject petitioner's contention that the exception contained in 15 NYCRR 136.5 (d) is unconstitutionally vague. The void-for-vagueness doctrine employs a "rough idea of fairness" (*Colten v Kentucky*, 407 US 104, 110 [1972]; *see Matter of Turner v Municipal Code Violations Bur. of City of Rochester*, 122 AD3d 1376, 1377 [2014]), and applies to regulations as well as to statutes (*see Matter of Slocum v Berman*, 81 AD2d 1014, 1015 [1981], *lv denied* 54 NY2d 602 [1981], *appeal dismissed* 54 NY2d 752 [1981]). Due process of law requires that a statute or regulation be sufficiently definite such that persons of common intelligence need not guess at its meaning (*see Matter of Kaur v New York State Urban Dev. Corp.*, 15 NY3d 235, 256 [2010]; *Turner*, 122 AD3d at 1377-1378). The doctrine "serves not only to assure that citizens can conform their conduct to the dictates of law but, equally important, to guide those who must administer the law" (*People v Illardo*, 48 NY2d 408, 413 [1979]; *see Bakery Salvage Corp. v City of Buffalo*, 175 AD2d 608, 609 [1991]). On the other hand, the doctrine "does not require impossible standards of specificity which would unduly weaken and inhibit a regulating authority . . . [,] especially in a field where flexibility and adaptation of the legislative policy to varying conditions is the essence of the program" (*Slocum*, 81 AD2d at 1015).

Respondent's Commissioner (Commissioner) promulgated 15 NYCRR 136.5 pursuant to her authority to exercise discretion in determining whether to reissue a driver's license following a mandatory revocation (*see Matter of Acevedo v New York State Dept. of Motor Vehs.*, 29 NY3d 202, 213-214 [2017]; *see generally* Vehicle and Traffic Law §§ 508 [4]; 510 [6] [a]). Contrary to petitioner's contention, the regulation does not give respondent "unfettered discretion" to deny an application. Section 136.5 formalized the manner in which the Commissioner would exercise her discretion by "ensur[ing] that her discretion is exercised consistently and uniformly, such that similarly-situated applicants are treated equally" (*Acevedo*, 29 NY3d at 220). Additionally, the regulation puts the public on notice of respondent's general policy with respect to relicensing a person whose driver's license has been revoked for multiple alcohol- or drug-related transgressions (*see id.* at 220). In petitioner's

case, he faces a lifetime ban because he has at least five such convictions or incidents, as defined in the regulation (*see* 15 NYCRR 136.5 [b] [1]). Nevertheless, the Commissioner reserved the discretion to deviate from her general policy in "unusual, extenuating and compelling circumstances" (15 NYCRR 136.5 [d]). That exception ensures that respondent has the flexibility to grant an application for relicensing where extraordinary circumstances render the application of the general policy inappropriate or unfair (*see Acevedo*, 29 NY3d at 220-221; *see generally Slocum*, 81 AD2d at 1015). Thus, reading the language of the challenged exception within the context of the regulation as a whole, we conclude that 15 NYCRR 136.5 (d) is not unconstitutionally vague.

Petitioner further contends that respondent's determination that he had not demonstrated entitlement to such an exception was arbitrary and capricious and an abuse of discretion (*see* CPLR 7803 [3]). We also reject that contention. In seeking an exception under 15 NYCRR 136.5 (d), petitioner submitted an affidavit in which he averred that he had been sober for the past seven years, had completed alcohol treatment programs successfully, had not been convicted of an alcohol-related driving offense since 1995, and would benefit from being able to drive approximately 17 miles to his place of employment. Petitioner's contention is not preserved for our review insofar as he relies on his daily commute because he did not raise that ground in his CPLR article 78 petition (*see generally Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). Furthermore, petitioner did not submit with his application any documentation supporting his purported successful completion of alcohol treatment. We thus conclude that the denial of his application was not arbitrary and capricious or an abuse of discretion (*see Matter of Nicholson v Appeals Bd. of Admin. Adjudication Bur.*, 135 AD3d 1224, 1225 [2016]). Present—Centra, J.P., Lindley, DeJoseph, NeMoyer and Troutman, JJ.